. HODGMAN *vs.* THE PEOPLE.

On the trial of an indictment for selling liquor without a licence, the prosecution can only give evidence of as many distinct offences as there are counts in the indictment.

A count for selling liquor during the year that the act of 1845 (*Stat. p.* 322,) was in force, which, besides charging that the defendant had sold without a licence, averred that the electors of the town had voted *no licence,* is sustainable under the provisions of the revised statutes, notwithstanding the additional averment.

An indictment for selling liquor would lie under the act of 1845, while that act was in force.

ERROR to the Orleans general sessions. The plaintiff in error was indicted in the sessions for selling liquor without a licence in the town of Barre, in that county. The indictment contained five counts, the first four of which were for several offences against the excise law as contained in the revised statutes. The fifth count charged that the defendant " unlawfully did sell, by retail, intoxicating and spirituous liquors or wines, to wit: one gill of rum, one gill of brandy, one gill of whiskey, one gill of gin, one pint of strong beer and one pint of wine, to some person to the jurors aforesaid unknown, he the said W. S. Hodgman then and there having no licence therefor duly granted according to law ; *the electors of the said town of Barre having determined that the board of excise in said town of Barre should not grant licences for the sale of intoxi- cating or spirituous liquors or wines ; and the said W. S. Hodgman then and there not being a licenced physician, or administering said intoxicating or spirituous liquors or wines for medical purposes, contrary to the form of the statute in such case made and provided."* ·

On the trial, the prosecution proved the selling, by the defendant's bar-keeper, of a glass of brandy on five different occasions, to different individuals, and then offered to prove further instances of selling liquors. The defendant's counsel objected, on the ground that as many offences had already been proved as there were counts in the indictment. The court overruled

the objection and the defendant's counsel excepted. Evidence was then given of several other acts of selling liquor by the defendant. The prosecution also proved that a majority of the electors of the town had, at the election in May, 1846, voted in favor of *no licence.*

The court charged the jury that the defendant might be convicted upon the evidence which was given after the five first instances of selling had been proved, and that they might convict the defendant under the *last* count, if they were of opinion that the same had been proved, and that the provisions of the revised statutes prohibiting the sale of strong or spirituous liquors remained in force and unaffected by the act of May 14th, 1845, (*Stat.* 1845, *p.* 322,) and the act amending the same. The jury found the defendant guilty, and the court imposed a fine upon him.

*C. P. Kirkland*, for the plaintiff in error. (1.) The evidence of further violations of the statute, after the prosecution had proved as many offences as there were counts in the indictment, was improperly admitted. (*The People* v. *Adams*, 17 *Wend.* 475.) (2.) The last count is bad, as no indictment will lie under the act of 1845. (1 *R. S.* 680, §§ 14, 15, 25; 2 *id.* 696, § 39; 13 *Wend.* 341.)

*J. Van Buren*, (attorney general,) for the people.

PER CURIAM. The first objection is unanswerable. Only one offence can be proved under each count. The court, therefore, committed an error to the prejudice of the defendant when they permitted the additional evidence to be given. For this reason alone the judgment must be reversed. But we are requested to express an opinion upon the question raised respecting the last count. That count contains all the facts necessary to be averred in a count under the revised statutes. It is true that certain matters are introduced showing that the pleader had in view the act of 1845, but these may be disregarded. We think it is unobjectionable as a count under the revised

statutes.  But we are of opinion that an indictment will lie
under the act of 1845.  The fifth section of that act provides
that selling liquor, &c. by retail, in any town in which the
electors have determined that no licence shall be granted, shall
render the offender  " liable to all the *penalties* imposed by title
9, of part first, chapter twenty, of the revised statutes."  It is
argued that this language refers only to the pecuniary penalty
imposed by the revised statutes.  But we are of opinion that
the word " penalties," in the provision referred to; is to be un-
derstood in a more general sense, and that it embraces the *lia-
bility* to punishment by *indictment* provided in the title of the
revised statutes referred to in the act of 1845.  The word is in
the plural form, and means something more than the single
penalty for selling by retail without a licence.

Judgment reversed.