STATE OF MAINE *versus* LORENZO D. STAPLES.

In a complaint for selling intoxicating liquors in violation of law, an allega-
. tion that a glass of liquor sold was "the second glass" sold by the defend-
ant to the same person on the same day is not descriptive; and such allega-
tion may be rejected as surplusage.

THIS was a complaint against the defendant for selling
intoxicating liquors in violation of law. He was tried before
the municipal court of the city of Biddeford, and, being con-
victed, appealed to this Court.

The complaint was in the following words:—

"State of Maine — York ss:—

"To Samuel W. Luques, Esq., one of the justices of the
peace within and for the county of York. Ebenezer Emer-
son, of Biddeford, in said county of York, police officer, in
behalf of the State of Maine, on oath complains that Lorenzo
D. Staples, of said Biddeford, heretofore, to wit: on the
eighth day of December, in the year of our Lord one thousand
eight hundred and fifty-seven, at said Biddeford, in said coun-
ty of York, not being authorized by the aldermen and city
clerk of said city of Biddeford to sell therein intoxicating
liquors, did sell a quantity of intoxicating liquor therein, to
wit: one glass of brandy, to wit: one glass of rum, being one
glass of intoxicating liquor, to one Nathaniel Tibbetts, *and
being a second glass of intoxicating liquor,* by said Lorenzo D.
Staples, then and there sold and delivered, at said Biddeford,
to said Nathaniel Tibbetts, against the peace," &c.

The case was tried before GOODENOW, J., at the January
term, 1858. There was evidence of one sale, only. The
counsel for the defendant requested the Court to instruct the
jury " that the allegation in the complaint, that the glass sold
by the defendant to Tibbetts was the second glass then and
there sold by him to said Tibbetts, was descriptive of the
offence, and must be proved as thus alleged." This the Court
declined to give, but instructed the jury that it was not to be
regarded as descriptive, but might be rejected as surplusage;

and that the proof of one sale only would authorize a conviction.

The case is presented to the full Court, on EXCEPTIONS taken by defendant to the instruction of the Judge at *Nisi Prius*.

*Goodwin & Fales*, for the defendant.

*Appleton*, Attorney General, for the State.

The opinion of the Court was drawn up by

GOODENOW, J.—The exceptions in this case present the single question, whether the words in the complaint, "being a second glass of intoxicating liquor, by said Lorenzo D. Staples then and there sold and delivered, at said Biddeford, to said Nathaniel Tibbetts," may be lawfully rejected as surplusage.

It is admitted that the complaint would have been sufficient had not these words been inserted therein. But it is contended that they contain matter of *description*, and, therefore, the proof must accord with the allegation. The allegation, if proved, was intended to aggravate the offence, and augment the punishment; like an allegation of a former conviction of larceny. If not proved, the increased penalty could not be inflicted. If a person is indicted for murder, he is charged with malice prepense, yet, upon such an indictment, he may be convicted of manslaughter only. without proof of malice prepense.

It is no defence to an indictment for manslaughter, that the homicide therein alleged appears by the evidence to have been committed with malice aforethought, and was therefore murder; but the defendant, in such case, may be properly convicted of the offence of manslaughter. 3 Cush. 181. See the reasoning of DEWEY, J., upon this point.

In *State* v. *Smith*, 32 Maine, 369, one count in the indictment charged that the deceased was *quick* with child. It was held that, " if the fact stated was merely in aggravation, so that it may be stricken out, and yet leave the offence fully described, it may be rejected as surplusage; and that it was

not requisite to be either alleged or *proved* that the deceased was *quick* with child.

Judgment, in this case, will be a bar to a prosecution for selling liquor, on the day alleged in the complaint, to Nathaniel Tibbetts.                                    *Exceptions overruled.*

TENNEY, C. J., HATHAWAY, CUTTING, MAY, and DAVIS, J. J., concurred.