SIGISMUND SCHWAB, Plaintiff in Error, *v.* THE PEOPLE OF THE STATE OF·NEW YORK, Defendants in Error.

*Selling liquor without license—Indictment—Chapter 578, Laws of 1866—chapter 175, Laws of 1870—Repeal of repealing law—effect of.*

Although section 15 of chapter 628 of the Laws of 1857, was, by chapter 378 of 1866, rendered inapplicable to the city of New York, yet the latter statute was repealed by chapter 175 of 1870, and the former statute restored.

When a statute repealing a preceding statute is itself repealed, the original act is revived and continues in force from that time.

In an indictment for selling liquor without a license, it is sufficient to allege that the liquor was sold in the Ninth ward of the city of New York, to be drank in the house, store, shop and place of the seller, without stating the name of the street or the number of the house.

It is not necessary, to constitute an offense under the statute, that the wine should be intoxicating.

Writ of error to the Court of Oyer and Terminer, held in and for the county of New York, to review the conviction of the plaintiff in error for violation of the excise laws, in selling wine without a license.

*John McKeon*, for the plaintiff in error. The prosecution should aver the number of the house and the street in which the offense was committed. (*State* v. *Gore*, 34 N. H., 510; *State* v. *Allen*, R. M. Charlton, 518; 11 Hargrave State T., 299; *Com.* v. *Cook*, 13 B. Mon., 149; 1 Hale's P. C., 517, 526, 535; 2 id., 170; *People* v. *Allen*, 5 Denio, 79; Chitty Cr. Pleadings, 200; Bishop on Cr. Proceedings, 75; Wharton Cr. Law, § 682, 265.) The court erred in refusing to charge that the prosecution having failed to prove that Rhine wine is of intoxicating nature (a strong and spirituous liquor), the defendant should be acquitted. (*Board of Tompkins* v. *Taylor*, 21 N. Y., 177; *Nevin* v. *Ladrue*, 3 Denio, 450.)

*B. K. Phelps*, for the defendants in error. The indictment need not allege the price for which the liquor was sold. (*State* v. *Downer*, 21 Wis., 274; *Cochran* v. *State*, 26 Texas, 678; *Wrock-*

*ley* v. *State*, 1 Clarke [Iowa], 172 ; *State* v. *Muntz*, 3 Kan., 383 ; *State* v. *Fanning*, 38 Mo., 359 ; *Comm.* v. *Thayer*, 8 Met., 525 ; *People* v. *Adams*, 17 Wend., 475.) It was sufficient tó allege that the offense was committed in the Ninth ward of the city of New York. (Bishop Stat. Crimes, § 385 ; *State* v. *Nixon*, 18 Vt., 70 ; Rosc. Cr. Ev. [7 Am. ed.], 89 ; Archb. Cr. Pl. [13th Lond. ed.], 749 ; 1 Whart. Cr. Law [7th ed.], §§ 277–280 ; *Reg.* v. *Brooke*, Carr. & M., 543 ; *Rex* v. *Perkins*, 4 Carr. & Payne, 363 ; *Rex* v. *Napper*, 1 Moody C. C., 44.) The failure of the commissioners to establish a rate for licenses was no defense to the prisoner. (*Commonwealth* v. *Blackington*, 41 Mass., 352 ; *City Council of Charleston* v. *Hollenback*, 3 Strob., 355 ; *City Council of Indianapolis* v. *Fairchild*, 1 Carter [Ind.], 315 ; *State* v. *Jamison*, 23 Mo., 330 ; *State* v. *Downer*, 21 Wis., 274 ; *Mayor and Ald.* v. *Mason*, 1 Abb. Pr., 334 ; S. C., 4 E. D. Smith, 142.)

DANIELS, J. :

The defendant in error was convicted of a misdemeanor, committed by selling wine without license, in a quantity of less than five gallons, to be drank upon his premises. The indictment was found under the act of April 16, 1857. By that act it was provided that whoever shall sell any strong or spirituous liquors or wines, to be drank in his house or shop, or any out-house, yard or garden appertaining thereto, or shall suffer or permit any such liquors or wines sold by him, or under his direction or authority, to be drank in his house or shop, or in any out-house, yard or garden thereto belonging, without having obtained a license therefor, as an inn, tavern, or hotel keeper, shall forfeit fifty dollars for each offense. (2 R. S. [5th ed.], 942, § 15.) And a violation of this provision has been held to be a misdemeanor. (*Behan* v. *People*, 17 N. Y., 516.)

But the counsel for the plaintiff in error objects, that this section of the statute has been rendered inapplicable to the county of New York ; and that was probably the case while chapter 578 of the Laws of 1866 remained in force. (Vol. 2, Laws of 1866, 1242.) But that was expressly repealed by section 6 of chapter 175 of the Laws of 1870 (vol. 1, Laws of 1870, 458) ; and that section declared that the act of April 16, 1857, should be and remain in full force

and effect throughout the State, so far as it was not inconsistent or in conflict with the provisions of the act of 1870. It is not objected that any conflict or inconsistency exists between section 14 of the act of 1857, being the one already referred to, and the provisions contained in the act of 1870. But as a large number of acts were passed on the 16th of April, 1857, and the particular act intended to be revived was not mentioned in section 6 of the act of 1870, it is objected that this section did not have the effect of rendering the act regulating the sale of strong and spirituous liquors and wines, passed on that day, applicable to the city and county of New York. The reference to the act designed to be affected by this provision, was by no means certain or definite in its character. But as the act repealed by the section mentioned, modified in important respects the act regulating the sale of liquors and wines, enacted in the year 1857, it is evident that the latter was what the legislature intended to be understood by the reference it made to the act passed April 16, 1857. It was the only act passed on that day in any way relating to or affecting the sale of strong or spirituous liquors or wines ; and as the act of 1870 regulated the same subject in part, its adoption must have been intended, by the provision which was made by that act, for the restoration of the preceding law, as long as both were required for the completion of the system. Even though the reference was obscure, as long as the intent of the legislature was manifested with reasonable clearness, the statute should be construed so as to carry it into effect. But, even if the reference was so uncertain as to be incapable of being maintained, the result would not be of the slightest benefit to the plaintiff in error, for the act of 1857 was revived by the mere repeal of the act of 1866. The rule upon that subject is, that when a statute repealing a preceding statute is itself repealed, the original act is revived, and continues in force from that time. (Sedgwick on Statutory and Const. Law, 137, and cases referred to.) In either view, the objection taken is without the least color of support. No doubt can be entertained that the section of the act of 1857, already quoted, was applicable to the city of New York when the sale was made for which the conviction was had.

The indictment was in the usual form for the sale of spirituous

liquor or wine without license. (*Hodgman* v. *People*, 4 Denio, 235; *People* v. *Townsey*, 5 id., 70.) It contained the averment in the first count, that the sale was made in the Ninth ward of the city of New York, to be drank in the house, store, shop and place of the seller, the plaintiff in error. And that was all that was required in this respect to bring the case within the restraint imposed by the statute. (Whart. Am. Crim. Law [4th ed.], §§ 277, 284.) It fully apprised the plaintiff in error of the nature of the accusation made, and of the time and place where it would be claimed by the prosecution the offense had been committed by him. The fact that the commissioners had not determined the amount which should be charged for licenses, was no defense to the indictment. The offense consisted in selling without license, with liberty to the purchaser to drink the article sold in the house or shop of the seller. It was in no respect rendered dependent on the conduct of the commissioners, but resulted solely from that of the accused.

The objection taken to the proof given by the prosecution to show that the seller had no license, cannot be sustained; for no such proof was required to be given to make out the people's case. (1 Greenleaf on Evidence [7th ed.], § 79; *Fleming* v. *People*, 27 N. Y., 329, 334.) And defective evidence as to the fact, even if it had been given, could work no possible injury to the accused; and besides that, he himself swore that he had no license.

An exception was taken to the refusal of the court to charge the jury that they must acquit the accused, because the prosecution failed to prove that the wine sold was of an intoxicating nature. The instruction was properly declined, because the statute did not require that to be shown in order to create the offense charged. By the provision made upon this subject, if strong or spirituous liquor or wine was sold, to be drank in his house, shop, out-house, yard, or garden appertaining thereto, by the accused, without license, the case was made out. The statute did not require the wines to be shown to be intoxicating for that purpose. It is sufficient if wine to be drank be sold under the prohibited circumstances. The case of *Commissioners of Excise* v. *Taylor* (21 N. Y., 173), affords the plaintiff in error no assistance on this point. The court, in directing that, did not hold that proof was required that the article was intoxicating, when the subject of the sale was either strong or

spirituous liquor or wine, but it was there held that strong beer was included in the terms strong or spirituous liquors. The law, in plain terms, prohibited the sale of wine in quantities less than five gallons, to be drank on the premises of the seller, when it was made without license. This included all wines used for drinking. And the terms, as well as policy of the law restrained the business to those persons alone who should be licensed to carry it on. The proof tended to show that the accused sold wine in a less quantity than five gallons, to be drank in his house and shop; and that was sufficient, if the jury believed the evidence, as long as he had no license, to make out the case against him.

An exception was taken to certain comments made in the charge, on the evidence given by the informer, indicating the necessity which existed for the employment of such persons, to secure the enforcement of the law, and to require persons selling wines and liquors in small quantities to take out licenses. These comments were not designed to, and did not, withdraw the credit which might be due to the witness, from the decision and control of the jury. On the contrary, they were informed that such evidence was ordinarily to be carefully scrutinized, and that they were the sole, exclusive and uninfluenced judges of the credit to be given to it. With this qualification, nothing was said which was not within the peculiar province of the court, or that the accused had the least reason to complain of. (*Jackson* v. *Packard*, 6 Wend., 415; *Durkee* v. *Marshall*, 7 id., 312.) The case was correctly disposed of by the Court of Oyer and Terminer, and the judgment should be affirmed.

DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed.