THE PEOPLE v. JOHN SCHOTTEY.

*Criminal law—Complaint for keeping saloon open on Sunday— Want of knowledge—Jurisdiction.*

1. A complainant swore *positively* that the defendant kept his saloon open on Sunday, and the complaint contained the other necessary averments.

   *Held*, that the averment was such as would be made by an eye-witness, and could only properly be made by one having *knowledge*, and was sufficient, if true, to sustain a prosecution, and the police justice had a right to act upon it as true.

2. The fault of a complaining witness in not adhering to the truth cannot avoid a warrant, so as to prevent jurisdiction from attaching; which having once attached, and the case being legally at issue for trial, there is nothing left to do but try it on the merits, and it cannot be dismissed or otherwise put out of court on motion of respondent based on an affidavit of a want of knowledge on the part of complainant of the facts sworn to in the complaint.

Error to Kent. (Montgomery, J.)  Argued June 8, 1887. Decided July 7, 1887.

Information for keeping saloon open on Sunday.  Respondent convicted.  Conviction affirmed.  The facts are stated in the opinion.

*J. A. Fairfield*, for respondent.

*Moses Taggart*, Attorney General, and *Samuel D. Clay*, prosecuting attorney, for the People.

CAMPBELL, C. J.   Respondent was convicted in the police court of Grand Rapids of the offense of keeping his drinking saloon open on Sunday, June 14, 1885.  He appealed to the circuit court of Kent county, where he was again convicted. He now brings error.

Most of the errors relate to an alleged want of jurisdiction of the police court to issue a warrant without the affidavit or other proof of some person as to facts within his knowledge. Testimony was offered on the trial to show that the complaining witness, on whose oath the warrant was issued, had no personal knowledge of the facts he swore to.

There is no doubt of the constitutional requirement that a warrant shall not issue without legal proof of such facts as create probable cause. But, in the present case, Mr. Perry, who did not complain officially, swore positively, and not on information and belief, that defendant kept his saloon open. The language is:

"One John Schottey did then and there keep a saloon where spirituous, malt, brewed, fermented, and vinous liquors were kept for sale at retail, which said saloon he, the said John Schottey, did keep open, and did not keep closed, on the first day of the week, commonly called Sunday," etc.

This averment is such as would be made by an eye-witness, and could only be properly made by one having knowledge. It was therefore enough, if true, to sustain a prosecution, and the police justice had a right to act upon it as true. Had it indicated that complainant had no personal knowledge, some further examination ought to have been had before issuing a warrant. But this complainant swore to positive facts which he or any one else might have known, and, so swearing, assumed to know. The fault of a complaining witness in not adhering to the truth cannot avoid a warrant, so as to prevent jurisdiction from attaching. How far it might be assailed in collateral proceedings is not now before us.

It appears by the return to the appeal that upon arrest the defendant made no objection to the jurisdiction, but pleaded not guilty, and demanded a jury. This jury convicted him, presumably on sufficient proof. In the circuit a motion was made for his discharge, on the affidavit of defendant which

denied that Perry was at the saloon on Sunday, or knew anything except by hearsay.  This motion was refused.  On the trial at circuit, defendant called Perry for the purpose of showing want of personal knowledge; but this was held irrelevant.  Motion in arrest of judgment was made at the close, and was overruled.  All this was outside of the merits.  The jurisdiction having once attached, and the case being regularly at issue for trial, there was nothing left to do but try it on the merits, and it could not be dismissed or otherwise put out of court.

The proof was postive by an eye-witness that Schottey kept the saloon, and that it was open on the day in question; that several persons were sitting in an adjoining room, and a man standing at the bar; and that he met Schottey bringing three or four glasses of beer from behind the bar.  The charge was as clearly made out as possible.  It would have been ridiculous for the court to tell the jury, as requested, that he did not keep the saloon, or keep it open.  The witness knew him for some time, and knew his business, and that he conducted it personally.

The judgment is correct and must be affirmed.

The other Justices concurred.