GEORGE LUTON, PROSECUTING ATTORNEY, v. CIRCUIT JUDGE OF NEWAYGO COUNTY.

*Intoxicating liquors—Illegal sales by druggist—Information—Constitutional law.*

1. Section 3 of Act No. 313, Laws of 1887, in so far as it punishes a druggist for a violation of its provisions by fine and imprisonment, is constitutional, but the provision forfeiting his business for a second offense is unconstitutional. *Robison v. Miner*, 68 Mich. 549.

2. The statute (section 3 of Act No. 313, Laws of 1887), prohibits the sale of liquor by a druggist to any person, to be used as a beverage, and it is unnecessary to aver, in an information for a violation of its provisions, the quantity sold, or whether the sale was at wholesale or retail.

3. Under an information charging a druggist with selling liquor at retail without paying a retail dealer's tax, if it appear on the trial that the sale complained of was at wholesale, and that he had paid the tax imposed upon such a dealer, he cannot be convicted.

4. An information charging a druggist with the sale of whisky at retail, to be used as a beverage,[1] without the payment of a retail liquor dealer's tax, and negativing the making of such sale for any of the purposes permitted to druggists, is not bad for duplicity.

5. If a druggist desires to sell liquor in any other way than that prescribed for druggists, he must comply with the liquor tax law, the same as an ordinary liquor seller; and if he fails so to do, and yet sells liquor *as a beverage*, he must accept the consequences and penalties of the statute, severe though they may be.

6. The fact whether or not a druggist, prosecuted for selling liquor as a beverage, kept a record of sales, has nothing to do with any of the necessary allegations in a complaint for the offense charged, such record being required for the entry of *lawful* sales.

Application for *mandamus* to compel respondent to set aside an order quashing an information, and to proceed to the trial of the respondent. Submitted April 17, 1888. Granted April 25, 1888. The facts and points of counsel are stated in the opinion.

*George Luton,* in *pro. per.,* for relator.

*A. G. Day* (*Wing & Samuels,* of counsel), for respondent.

MORSE, J. An information was filed in the Newaygo circuit court, at the March term thereof, 1888, against one Emory J. Bean, the material allegations of which are as follows:

" That on the thirtieth day of November, A. D. 1887, one Emory J. Bean, a person engaged in a business consisting in part of the sale of drugs and medicines, at, to wit, in the township of Monroe, in said county of Newaygo, did on the thirtieth day of November, A. D. 1887, sell, furnish, and deliver spirituous and intoxicating liquor, to wit, whisky, to said Harrison H. Bunting and one Charles Evans, at, to wit, the said township of Monroe, and said spirituous and intoxicating liquor, to wit, whisky, was not so sold, furnished,

---

[1] See *People v. Hinchman,* 75 Mich 587 (head-note 1), holding that allegations that liquor was sold " as a beverage " and " to be used as a beverage " are equivalent.

and delivered to the said Harrison H. Bunting and Charles Evans for medicinal, chemical, scientific, mechanical, or sacramental purposes, but was so sold, furnished, and delivered by the said Emory J. Bean to the said Harrison H. Bunting and Charles Evans at, to wit, the township of Monroe, to be used as a beverage, without any license or authority therefor, and without paying any tax for selling and keeping for sale spirituous and intoxicating liquor at retail, as required by section one of Act No. 313 of the Public Acts of Michigan for the year 1887." Laws of 1887, p. 446.

A general demurrer was entered by the respondent, Bean, to the said information, under which demurrer the following objections were made to the information:

1. There is no allegation of the quantity of liquor sold.

2. There is no averment whether the liquor was sold at wholesale or retail.

3. No allegation that respondent was engaged in any business that required the payment of a special tax.

4. The information avers that respondent is a druggist. This negatived the liability for the payment of a special tax, because druggists are exempted from the payment of any special tax by the act, and there is no allegation that he was a retail or wholesale dealer in intoxicating liquors.

5. No allegation that respondent did not keep a record as a druggist of the sale for which complaint was made.

6. The information is bad because it charges an offense under section 1 of the act, which section does not apply to unlawful sales by druggists, and seeks a conviction under section 3 of the act ; that being the only section where penalties are prescribed for the unlawful sale of liquor by druggists.

The circuit judge overruled the demurrer, principally on the ground, as stated in his return, that the reference to section 1 in the concluding part of the information might be treated as surplusage.

The counsel for respondent excepted to such ruling, and then moved to quash the information on the same grounds upon which the demurrer was based, and for the following additional reasons, to wit :

1. That the act is unconstitutional in so far as it provides a penalty against druggists, as it provides for the forfeiture of respondent's property, and destruction of his business, when an offense is committed by his clerk without his knowledge, and even against his positive instructions, and such provision is mandatory.

2. No allegation whether it is a first or second offense.

3. No allegation of former conviction.

4. The information is bad for duplicity, charging two offenses in one count, to wit: Selling as a beverage, and selling as a druggist.

Upon full argument, as the circuit judge returns, the motion to quash was granted, principally upon the ground that, under the recent decision of this Court (*Robison v. Miner*, 68 Mich. 549), section 3 of the act, upon which the information must be considered as based, had been declared unconstitutional and void.

The learned judge misapprehended the tenor and effect of the decision in that case. The information simply charges one offense; and under it, upon conviction, no forfeiture, if valid, could be imposed by the terms of the statute.

We held (in *Robison v. Miner*) the forfeiture of business in the section relating to sales by druggists to be invalid, but we further held that—

"The new taxes and penalties not involving the peculiar disabilities named are valid, as well as the new methods of prosecution in the upper instead of the justices' courts."

This leaves the penalty in section 3 to stand, as far as it imposes a punishment by fine of not less than $100, nor more than $500, and costs of prosecution, or imprisonment in the county jail not less than 90 days nor more than one year, or both such fine and imprisonment, in the discretion of the court. While we may think this penalty a very severe one for a first offense, yet it is one within the discretion of the Legislature, with which discretion the courts cannot interfere. In view of the public complaint of the great wrong done to public morals, and the happiness and comfort of

individuals and their families, by the illegal sales of druggists, the Legislature may have intended to make the penalty for such sales more severe than those made unlawfully by regular dealers in liquors, considering it a greater wrong. Whether such distinction was made wisely or unwisely is no concern of the courts, provided the Legislature had the power to make it. The injustice of the statute, if it exists, must be remedied by the people through the Legislature.

The information sufficiently charges an offense under section 3. As it reads, the question of the sale by a clerk without the knowledge or consent, or against the positive order, of his principal, is not involved here. Such question in this case must arise upon the trial, if at all.

It is unnecessary, under the statute, to aver whether the sale was at retail or by wholesale. The statute prohibits the sale of liquor by a druggist to any person, to be used as a beverage. Neither is the quantity at all material. In this case it is averred that the liquor was sold—

" Without any license or authority therefor, and without paying any tax for selling and keeping for sale spirituous and intoxicating liquors *at retail.*"

It may be that, under this information, the respondent could not be convicted if it should turn out upon the trial that he sold the liquor at wholesale, whether he had paid the wholesale tax or not. He certainly could not be, as the information now stands, if he had paid such tax. The charge is plainly one of selling at retail without license, or paying a tax as retail dealer in liquors. But these matters would more properly arise on the trial.

The information is not bad for duplicity. It only alleges one offense, to wit, the selling by a druggist, without having paid the special retail tax, of whisky to be used as a beverage, and not for any of the purposes permitted to druggists. The allegation is plainly made, that the respondent, Bean, was engaged in the business of a druggist, and while in such busi-

ness sold liquor unlawfully, without the payment of any special retail tax.

It must be considered, if a druggist desires to sell liquor in any other way than that prescribed for druggists, that he must place himself within the tax law, the same as any ordinary liquor seller,—give his bond, receive his license, and pay his tax. If he sees fit not to do this, and yet sells liquor as a beverage, he must accept the consequences and penalties of the law, severe though they may be.

The fact whether or not the respondent kept a record of sales has nothing to do with any of the necessary allegations in a complaint for the offense of selling liquor as a beverage. The record is only required for the entry of lawful sales.

This disposes of all the objections to the information. It will be seen there is but little merit and some technicality in all of them.

The order of the circuit judge quashing the information must be reversed and set aside, and the circuit court for the county of Newaygo must take cognizance of the information, and proceed with the trial of the respondent thereon, according to the usual course and practice of that court. *People v. Swift,* 59 Mich. 529 (26 N. W. Rep. 694).

SHERWOOD, C. J., CHAMPLIN and LONG, JJ., concurred.