## THE PEOPLE v. JOHN HAAS.

*Liquor traffic—Exception as to druggist—Must be fully negatived —Criminal law—Jurisdiction of justice to issue warrant— Cannot be destroyed by oral testimony.*

1. In a prosecution for engaging in the sale of liquors without complying with the provisions of Act No. 313, Laws of 1887, the complaint, warrant, and information must show that the defendant is not a "druggist who sells liquors for chemical, scientific, medicinal, mechanical, or sacramental purposes only, and in strict compliance with law," thus negativing the exception found in the third section of the act. *People v. Telford,*

79 MICH—29.

56 Mich. 542; *Luton v. Circuit Judge,* 69 Id. 610; *People v. Pendleton,* 79 Id. 317.

2. The jurisdiction acquired by a justice of the peace to issue a warrant, by taking a complaint in writing, and upon oath, sufficient upon its face for that purpose, cannot be destroyed by his affidavit that the oral examination of the complaining witness did not agree with or support such complaint, nor by the testimony of such witness on the trial of his want of personal knowledge of all of the facts stated in the complaint.   *People v. Lynch,* 29 Mich. 280; *People v. Schottey,* 66 Id. 708.

3. The record in a criminal case ought to show that the alleged defects in the proceedings were *pointed out* to the trial court, and this Court ought not to be left to the briefs of counsel to ascertain what took place on the trial.

Exceptions before judgment from Hillsdale.   (Lane, J.) Argued January 23, 1890.   Decided February 20, 1890.

Respondent was convicted of engaging in the business of selling liquor without having complied with the provisions of the law of 1887.   Conviction reversed, and respondent discharged.   The facts are stated in the opinion.

*E. L. Koon* and *Guy M. Chester,* for respondent.

*S. V. R. Trowbridge,* Attorney General, and *Spencer D. Bishop,* Prosecuting Attorney, for the people.

MORSE, J.   The respondent was convicted in the Hillsdale circuit court upon an information charging him with engaging in the business of selling and keeping for sale spirituous, malt, brewed, and fermented liquors, the same not being then and there proprietary patent medicines, at retail, without having paid his tax, posted his notice, and filed his bond as required by statute; the said Haas not being then and there a druggist.   The respondent offered no evidence upon the trial, but relies upon certain alleged defects in the people's case, and errors assigned as occurring in the admission and rejection of

testimony, and in the instructions of the court to the jury.

The warrant issued by the justice of the peace, on which the respondent was arrested and bound over to the circuit court, was based upon a written complaint signed and sworn to by Myron G. Wood. This complaint alleged positively that on May 26, 1888, at the city of Hillsdale, and in the county of Hillsdale, in this State, the said John Haas—

"Was engaged in the business of selling and keeping for sale, and did sell, spirituous, malt, brewed, and fermented liquors, the same not being then and there proprietary patent medicines, at retail, without having paid in full the tax required by Act No. 313 of the Session Laws of 1887 of the State of Michigan, and without having the receipt and notice for such tax posted up as required by said Act No. 313, and without having made, executed, and delivered to the county treasurer of said county of Hillsdale the bond required by said Act No. 313, the said John Haas not being then and there a druggist, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan."

The warrant substantially followed the complaint.

The justice returned to the circuit court that the said Haas, being brought before him, waived an examination in regard to the charge made against him; whereupon, it appearing to said justice that the said offense had been committed, and that there was probable cause to believe said John Haas to be guilty thereof, the said respondent was recognized to the circuit court, his bail being fixed at $200.

The information contained three counts, the first one substantially in the words of the complaint and warrant. The third count charged a selling of such liquors on May 26, 1888, to David Haines, "and to divers other persons unknown to this deponent" (the prosecuting

attorney), in addition to the other allegations as to non-payment of tax, non-posting of notice, and non-execution and filing of bond. The respondent refused to plead, and a plea of not guilty was ordered to be entered by the court, and was so entered.

The trial commenced on March 26, 1889. When the first witness was sworn, counsel for defendant objected to any testimony being taken until the complaining witness came into court, and also for the reason that the justice never acquired jurisdiction to issue his warrant, and that the complaint, warrant, or information did not charge any offense known to the laws of this State. The record does not show upon what particular reasons this objection was grounded, and we are left to the briefs for information in this respect. We might well dismiss the objection right here, if the case was a civil one. As it is, we must express our disapproval of any course, even in a criminal trial, by which such a general objection as this is made to be used as a foundation for a claim of reversal of a conviction. The record ought to show that the defects in the proceedings, or claimed defects, were pointed out to the trial court; and this Court certainly ought not to be left to the briefs of counsel to ascertain what took place upon the trial in the court below.

We find in the record an affidavit made by the justice, March 25, 1889, in which he states that the warrant was issued upon the complaint and examination in writing of Myron G. Wood, and that no witnesses were examined by him before the issuing of said warrant, other than said Wood; that said warrant was issued on said written complaint and the oral examination of said Wood alone, and of no other person; and that from such oral examination it appeared that said Wood derived his knowledge and information that the tax was unpaid, and that the requisite bond had not been filed, from hearsay, and

had no personal knowledge that the law had not been complied with in these respects. Upon the trial Wood was a witness, and testified that, at the time he made the complaint, the only knowledge that he had that Haas had not paid his tax or filed his bond came from the county treasurer, who informed him, upon inquiry, that no tax had been paid or bond filed by Haas.

At the close of the testimony on behalf of the people, counsel for respondent moved the court to dismiss the case, on the ground that the justice never acquired any jurisdiction to issue his warrant, there being no competent evidence before said justice that Haas had not paid his tax or given his bond; that the complaint was made by the complaining witness without having personal knowledge of the matters therein set forth; and the counsel thereupon offered to submit the affidavit of the justice above referred to. The court was in some doubt about the matter, but refused the motion. At the time this motion was overruled it did not appear that any objection was made in justice's court to the jurisdiction of the justice, but at a session of the court, July 25, 1889, the court allowed the justice, on motion of respondent's counsel, to file an amended return, in which said justice states that, when Haas was brought before him on the warrant, his counsel objected to the jurisdiction of the court, and moved to quash the proceedings,—

" Because the court never acquired jurisdiction to issue his warrant, and because the complaint and warrant do not charge any offense known to the laws of the State of Michigan,"—

Which motion the justice overruled.

The respondent's counsel in this Court invoke the aid of our decisions that a warrant must not issue, unless upon personal knowledge of the facts by the witness or witnesses examined before the magistrate; citing *People v.*

*Heffron,* 53 Mich. 530 (19 N. W. Rep. 170); *Morton's Case,* 10 Id. 208; *People v. Lynch,* 29 Id. 280; *Allor v. Wayne Co. Auditors,* 43 Id. 97 (4 N. W. Rep. 492). In the case of *People v. Lynch* almost this identical question was before the Court. In that case, as in this case, the complaint was as positive in form as it could have been made by one having personal knowledge of the facts. The Court said:

"There is nothing upon its face to indicate that complainant did not personally know the facts nor anything in the nature of the facts stated to make this improbable, or to excite a suspicion that he testified from information and belief. * * * The complaint, upon its face being sworn to in the usual and regular manner, is amply sufficient to give the justice jurisdiction to issue the warrant and to examine the prisoner."

This language applies to this case with greater force than to the case of *People v. Lynch,* as it will be seen, by examining that case, that there was a question of intent involved which is not found in this case.

The Court in the Lynch case left open the question whether a warrant issued upon a written complaint that gave jurisdiction upon its face could be attacked in the way there and here attempted. I am satisfied that it cannot be done. When a justice of the peace takes a written complaint on oath, which upon its face is perfect and sufficient to give him jurisdiction to issue a warrant, and acting upon it he issues such warrant, the jurisdiction thus obtained cannot afterwards be destroyed upon an affidavit of the justice that the oral examination of the complaining witness did not agree with or support his written complaint, nor because upon the trial in the circuit court the complainant testifies that he did not have personal knowledge of all the facts stated in such complaint. To permit this would be to allow oral testimony taken, as in this case, long after the written com-

plaint was made, to overthrow and impeach a written document made under oath.

And this motion, if there was any merit in it, ought to have been made before the jury was sworn. The affidavit of the justice was not presented to the court, nor the point clearly made, until all the evidence was in. It then appeared very clearly and beyond a doubt that, at the date charged in the warrant and information, the respondent had neither paid the tax nor filed his bond, and therefore the arrest was not procured by any false statement in the complaint or warrant. The court might well presume at this stage of the proceedings, upon the facts shown, that the written complaint was true upon its face, and as the complainant meant to make it, and did make it, notwithstanding the affidavit of the justice. If the complaint was true, and understandingly made and sworn to by the complaining witness, the jurisdiction conferred by it could not be ousted afterwards, even if it appeared, as it is claimed to have appeared here upon the trial, that the complaining witness, at the time he made it, did not have personal cognizance of all the facts stated in it, or that the justice issued his warrant upon it, knowing that the complainant was wanting in personal knowledge of some of such facts. *People v. Schottey,* 66 Mich. 708 (33 N. W. Rep. 810).

The complaint, warrant, and information in this case contain the following averment:

" The said John Haas not being then and there a druggist."

The counsel for the respondent, at the close of the people's case, moved to dismiss the case on the ground that the complaint, warrant, and information did not charge any offense known to the laws of this State, because it was not therein averred that Haas—

"Was not a druggist who sells liquor for chemical, scientific, medicinal, mechanical, and sacramental purposes only, in strict compliance with law."

We think the motion should have been granted. *People v. Telford*, 56 Mich. 542 (23 N. W. Rep. 213). It is claimed by the prosecuting attorney of Hillsdale county in his brief that the word "druggist" appearing in the information above was a sufficient negation of the exception in the statute; that the rest of the clause in the statute following the word "druggist" is merely descriptive; and that the defendant was by the use of such word sufficiently informed of the charge against him.

The statute of 1887, under which respondent was prosecuted, provides as follows:

"Sec. 3. The penal provisions of this act shall not apply to druggists who sell liquors for chemical, scientific, medicinal, mechanical, or sacramental purposes only, and in strict compliance with law."

We held in *Luton v. Circuit Judge*, 69 Mich. 610 (37 N. W. Rep. 701), that a druggist who desires to sell liquor in any other way than as prescribed by the statute must place himself within the tax law, the same as any ordinary liquor-seller, give his bond, receive and post his license, and pay the tax; and that if he sees fit not to do this, and yet sells liquor as a beverage, he must accept the penalties of the law. Therefore the allegation that Haas was not a druggist did not meet the exception of the statute. As a druggist merely, he would be guilty of the offense charged, the same as any other person, unless he was selling the liquors for—

"Chemical, scientific, medicinal, mechanical, and sacramental purposes, and in strict compliance with the law."

This is the exception pointed out in the statutes, and under our previous rulings this complaint, warrant, and

information should have shown upon their face that the respondent was not within this exception.   *People v. Pendleton, ante,* 317.   It is not necessary to examine the other errors alleged.

The conviction was unlawful, and must be set aside, and the respondent discharged.

The other Justices concurred.