THE PEOPLE v. ELI DECARIE.

*Liquor traffic—Information for engaging in business without paying tax.*

In a prosecution for engaging in the sale of liquors without having paid the tax required by Act No. 313, Laws of 1887, the information must show that the defendant is not a "druggist who sells liquors for chemical, scientific, medicinal, mechanical, or sacramental purposes only, and in strict compliance with law," thus negativing the exception found in the third section of the act. *People v. Haas*, 79 Mich. 449.

So *held*, where the information, in lieu of thus negativing the exception, read as follows: "The said Eli Decarie not being then and there a druggist, nor a person whose business it was at that time to deal in drugs and medicines."

Exceptions before judgment from Alpena. (Kelley, J.) Argued May 1, 1890. Decided May 9, 1890.

Respondent was convicted of engaging in the business of selling liquors without having paid the tax required by Act No. 313, Laws of 1887. Conviction reversed, and respondent discharged. The facts are stated in the opinion.

*Sleator v. Greening*, for respondent.

*B. W. Huston*, Attorney General, and *James McNamara*, Prosecuting Attorney, for the people.

CAHILL, J. The respondent was charged with and con_victed of having violated the provisions of section 7, Act No. 313, Laws of 1887, relating to the taxation and regulation of the liquor traffic.

When the defendant was arraigned in the circuit court his counsel moved to quash the information,—.

"Because said information does not contain the statement, 'the said Eli Decarie *not being then and there a druggist who sells liquors for chemical, scientific, medicinal, mechanical, or sacramental purposes only.*'"

The motion was overruled, trial was had, and the respondent convicted. The information upon which respondent was tried in the circuit court was in the usual form, except that it did not contain the words for the omission of which his counsel moved to quash the information. In lieu of such statement the information contained the following:

"The said Eli Decarie not being then and there a druggist, nor a person whose business it was at that time to deal in drugs and medicines."

In overruling the motion to quash the information the circuit judge erred. This case is governed by the case of *People v. Haas*, 79 Mich. 449, where we held that an information substantially like the one in this case was bad.

The conviction was erroneous, and the respondent must be discharged.

The other Justices concurred.