| 104 | 455 |
| 104 | 576 |

## The People v. Ellis Aldrich.

*Intoxicating liquors—Illegal sales—Information—Sufficiency.*

1. In a prosecution for a violation of the liquor law, the informa-- tion charged that, on a certain day and at a specified town- ship, the respondent was unlawfully engaged in the business of selling and offering for sale intoxicating liquors at retail as a beverage, and did then and there sell two drinks of whisky to certain persons, naming them, without having first paid in full the tax required by Act No. 313, Laws of 1887, and with- out having the receipt and notice for such tax posted up in the place where such liquors were kept for sale, as required by said act, the said respondent not being then and there a drug- gist, and said liquor not being then and there sold for chemi- cal, scientific, mechanical, medicinal, or sacramental purposes. And it is held:

*a*—That the information is not bad for duplicity; that only one offense is alleged, and that is for unlawfully engaging in the business of selling and offering for sale at retail intoxi-- cating liquors as a beverage, without having first paid the tax, and without having the receipt and notice posted, as required by law.

*b*—That the jury were not called upon to try the question of sales to the persons named in the information, it not being averred that such sales were unlawful, except as made so by reason of the non-payment of the tax, and failure to post the receipt and notice, as required by law; and that the allegation as to specific sales should be treated as surplusage.

*c*—That the information sufficiently charges that the receipt and notice were not posted where the liquors were kept for sale.

*d*—That it was not necessary to describe the building in which the business was being carried on.

*e*—That the information sufficiently negatives the fact that the liquors were sold by the respondent as a druggist "in strict compliance with law."

*f*—That there is no force in the contention that the informa- tion fails to state whether the respondent was engaged in a business requiring the payment of the $500 or $300 tax pro- vided for in the act, and that it does not state which tax respondent failed to pay.

Exceptions before judgment from Allegan.    (Padgham,
J.)    Argued March 1, 1895.    Decided March 19, 1895.

Respondent was convicted of unlawfully engaging in the
liquor business.    Conviction affirmed, and circuit court ad-
vised to proceed to judgment.    The facts are stated in the
opinion.

*Ed. J. Anderson* (*H. H. Pope*, of counsel), for respondent.

*Fred A. Maynard*, Attorney General, *F. E. Fish*, Prose-
cuting Attorney, for the people.

LONG, J.    Respondent was convicted for the violation
of the law regulating the sale of intoxicating liquors,
being Act No. 313, Laws of 1887.    The complaint states
that—

"On the 6th day of January, A. D. 1894, at the town-
ship of Wayland, and in the county aforesaid [Allegan],
Ellis Aldrich, late of said township of Wayland, in said
county, was then and there a person whose business con-
sisted of the sale of intoxicating liquors at retail, and was
then and there engaged in, and did then and there un-
lawfully engage in, the business of selling and offering for
sale intoxicating liquors at retail as a beverage, and did
then and there sell, to wit, two drinks of liquor, to wit,
whisky, to Lynn E. White and Roy B. Summers and
divers other persons, the same not being proprietary patent
medicines, and without having first paid in full the tax
required by Act No. 313 of the Public Acts of 1887, and
without having the receipt and notice for such tax posted
up in the place where such liquors were kept for sale, as
required by said act; he, the said Ellis Aldrich, not being
then and there a druggist, and said liquor not being then
and there sold for chemical, scientific, mechanical, medici-
nal, or sacramental purposes, contrary to the form of the
statute," etc.

The warrant follows the same form.    On the examina-
tion a motion was made to quash the complaint and war-
rant and to discharge the respondent for the following
reasons:

1. That the complaint and warrant contain three distinct offenses in one and the same count, to wit: One for not having paid the tax as therein described, as required by section 1 of the act; one for not having posted the notice required by section 6; and one for not having posted the receipt as required by the same section; and that, therefore, the count is bad for duplicity.

2. That the complaint and warrant should describe the building where said liquors were sold.

3. That they do not state that the receipt and notice were not posted in the place or room where the liquor was sold.

4. That the complaint and warrant do not negative the fact that said liquors were sold by respondent as a druggist "in strict compliance with law."

5. That they do not state whether respondent was engaged in the business requiring the payment of the $300 tax or the $500 tax, under section 1 of said act, there being two distinct retail businesses under that section; and they do not state which of those taxes he failed to pay.

6. That the allegation that the notice and receipt were not posted "as required by law" is insufficient, as the complaint and warrant should set up the facts.

This motion was denied, and the respondent held for trial in the circuit. The information follows the form of the complaint and warrant. The respondent refused to plead to the information, and a motion was made to quash the information, and discharge the respondent, on the ground that the justice acquired no jurisdiction over him, for the reasons set forth. This was denied, and the cause proceeded to trial, and the respondent was convicted. The errors assigned relate to the questions raised on the motion to quash.

Act No. 313, Laws of 1887, provides by section 1 that a tax of $500 shall be paid upon the business of selling at retail spirituous and malt liquors; upon the business of selling only brewed or malt liquors, $300. Section 4 provides for the payment of the tax to the county treasurer before commencing such business. Section 6 provides for the giving of a receipt by the county treasurer for the

money so paid, and specifies its form. It also provides for the giving by the county treasurer of a printed notice containing a statement that the tax has been paid, and that such notice and receipt shall be posted in a conspicuous place in the room or place where the business is carried on. It is provided by section 7 that—

" If any person or persons shall engage or be engaged in any business requiring the payment of a tax under section 1 of this act without having paid in full the tax required by this act, and without having the receipt and notice for such tax posted up as required by this act, or without having made, executed, and delivered the bond required by this act, or shall in any manner violate any of the provisions of this act, such person or persons shall be deemed guilty of a misdemeanor, and upon conviction thereof, if there is no specific penalty provided therefor by this act, shall be punished by a fine," etc.

The complaint, warrant, and information are not bad for duplicity. Only one offense is alleged, and that is for unlawfully engaging in the business of selling and offering for sale at retail intoxicating liquors as a beverage, without having first paid the tax, and without having the receipt and notice posted up, as required by Act No. 313, Laws of 1887. This question is settled in *Luton v. Circuit Judge,* 69 Mich. 610. It could not be understood by the jury that they were called upon to try the question of sales to the persons mentioned in the pleadings, as there is no allegation that the sales to such persons were unlawful, except as made so by not having paid the tax, posted the notice, etc. The complaint could not be sustained for a specific unlawful sale upon any other theory than that the tax was not paid.

In *People v. Keefer,* 97 Mich. 15, the information charged in the same count a sale of liquor to a specified person, and the keeping of a saloon where intoxicating liquors were sold and furnished as a beverage, in violation of the pro-

visions of the local option law. That count charged that respondent—

"Did then and there run a saloon and bar, and at said saloon and bar did then and there sell and furnish to Frank S. Fellhauer and divers other persons spirituous and intoxicating liquors, * * * and did then and there knowingly keep a saloon, where * * * intoxicating liquors. * * * were sold and furnished as a beverage."

It was held bad for duplicity. It was said:

"While it is true that, as a general rule, where several cognate acts are forbidden in one section of a statute disjunctively, the indictment may ordinarily charge them conjunctively in one count, if the reference is to one transaction, for which a single penalty is incurred, it is also true that where each forbidden act may be set up as a distinct offense, but several are united, the count is good in such case as for one combined act;" citing *State v. Schweiter,* 27 Kan. 499.

Here the unlawful act charged was engaging in the business and selling liquors to these persons without having paid the tax, etc. What is alleged as to specific sales to them would be treated as surplusage. It is the general doctrine that, if an indictment contains unnecessary averments, these are to be treated as mere waste material, to pass unnoticed, having no legal effect whatever. 1 Bish. Cr. Proc. § 478. If the indictment is founded on a statute, and contains allegations covering all the terms of the statute and making a complete offense, and then adds something by way of making the offense appear more enormous, this latter matter may be disregarded as mere surplusage. It will have no effect to vitiate the indictment, and it need not be proved. *State v. Staples,* 45 Me. 320; *Hodgman v. People,* 4 Denio, 235.

It was not necessary to describe the building in the pleadings. *People v. Ringsted,* 90 Mich. 371.

The pleadings do state that the receipt and notice were not posted where the liquors were kept for sale.

The contention that the complaint and warrant do not negative the fact that said liquors were sold by respondent as a druggist "in strict compliance with law," and therefore must be held not to state an offense, cannot be sustained. The statement is broad enough to show that he was not selling lawfully as a druggist. The allegation is as broad as in *Luton v. Circuit Judge, supra,*—a charge identical with the present. That case was reaffirmed in *People v. Scott,* 90 Mich. 376.

The point that there is no allegation as to which tax was not paid has no force. That question was settled in *Luton v. Circuit Judge, supra.*

The verdict must be sustained, and the court is advised to proceed to judgment on the verdict.

The other Justices concurred.