STEWART v. CALHOUN CIRCUIT JUDGE.

1. INTOXICATING LIQUORS—STATUTES—LICENSE.
   A druggist may not lawfully sell intoxicating liquors to be
   drunk on the premises without paying the tax and obtaining
   the license required of retail dealers.   3 Comp. Laws, § 5379.

2. SAME—ILLEGALITY OF SALES—INFORMATION.
   A charge in an information that the defendant, a druggist,
   and person engaged in part in the sale of drugs and medi-
   cines, sold intoxicating liquors to be used as a beverage and
   drunk on the premises, sufficiently negatives the lawfulness
   of the sales.

Mandamus by Louis E. Stewart, prosecuting attorney
of Calhoun county, to compel Walter H. North, circuit
judge of Calhoun county, to set aside an order quashing
an information: On motion for rehearing on the issuance
of the writ.   Submitted November 19, 1909.   (Calendar
No. 23,132.)   Motion denied December 30, 1909.

*D. C. Salisbury*, for the motion.

*Louis E. Stewart*, contra.

HOOKER, J.   This is a motion for rehearing in the case
of *Stewart* v. *Calhoun Circuit Judge*, 156 Mich. 642
(121 N. W. 279). We held that the information filed in
that case was a good information.   It is now said that in so
doing we have overruled the cases of *People* v. *Haas*, 79
Mich. 449 (44 N. W. 928); *People* v. *Decarie*, 80 Mich.
578 (45 N. W. 491), and *People* v. *Telford*, 56 Mich. 541
(23 N. W. 213).   Had this defendant been charged with
an act which a druggist might lawfully have done these
cases would have some application.   In the *Case of Tel-
ford*, an information based on a sale of liquor, accompanied
by a failure to post a receipt for the liquor tax imposed on
saloon keepers, was held bad for the very substantial rea-
son that if he were a druggist he might have lawfully sold

the liquors, no payment of tax being necessary by druggists selling in compliance with law. In *People* v. *Haas*, the defendant was charged with the selling and keeping for sale at retail intoxicating liquors without having posted the receipt and notice required by Act No. 313, Pub. Acts 1887. The *Telford Case* was followed, the case being similar. In the *Case of Decarie*, the conviction was for a failure to pay the tax required by the section of the statute last cited. As a druggist selling lawfully was not required to pay the tax, it was held necessary to show defendant's transgression by negativing the exception made by the statute.

In this case the defendant is charged with an act that could not have been lawful by a druggist or anybody else, viz., selling liquor to be drunk upon the premises as a beverage. Hence, under our decisions, it made no difference whether he was a druggist or not. Moreover the information did negative the possibility of his selling lawfully as a druggist by the following language:

"Being a druggist and a person engaged in a business in said city of Battle Creek consisting in part of the sale of drugs and medicines did then and there sell at retail, furnish and deliver to William Brant and W. B. Harkins a certain mixed liquor, to wit, 'high balls,' a part of which said mixed liquor was spirituous and intoxicating liquor, to wit, whisky, which said mixed liquor, a part of which was then and there spirituous and intoxicating liquor, was not so sold, furnished and delivered to the said William Brant and W. B. Harkins for medicinal, chemical, scientific, mechanical or sacramental purposes, but was so sold, furnished and delivered by the said William Peet to the said William Brant and W. B. Harkins to be used as a beverage and drunk on the premises and said spirituous and intoxicating liquor," etc.

The motion is denied.

OSTRANDER, MOORE, MCALVAY, and BROOKE, JJ., concurred.