### RILEY v. COLPOYS, U. S. Marshal.

#### No. 6632.

United States Court of Appeals for the District of Columbia.

Decided June 8, 1936.

Harry T. Whelan, of Washington, D. C., for appellant.

Leslie C. Garnett, U. S. Atty., and Allen J. Krouse, Asst. U. S. Atty., both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

MARTIN, Chief Justice.

An appeal in an extradition case from an order discharging a writ of habeas corpus and dismissing a petition for the same, and remanding the petitioner to be delivered to the agent of another state acting under a writ of requisition.

It appears that on June 30, 1930 in the city of Detroit, state of Michigan one Frank L. Holland filed with a magistrate, the judge of the recorder's court of that city, a complaint under oath charging that theretofore on the 9th day of September, 1928, in the city and state aforesaid, one Jerry Riley, now the appellant, together with certain other persons named in the complaint, did willfully, maliciously, and without lawful authority, forcibly and secretly confine and imprison one Charles Mattler against his will contrary to the form of the statute, to wit, section 15216, Compiled Laws of the state of Michigan. The affiant prayed that the accused parties should be apprehended and held to answer to the complaint and be dealt with according to law.

On the same day the magistrate aforesaid entered of record in his court the filing of the complaint by Holland and the fact that on examination of the complainant under oath it appeared that the offense charged therein had been committed as charged, and that there was just cause to suspect the accused persons to have been guilty thereof. Accordingly, a warrant was issued for their arrest.

The appellant Jerry Riley was not apprehended, and later, to wit, on December 5, 1935, a so-called "affidavit of flight" was filed with the Governor of Michigan by Holland, charging Riley with being a fugitive from justice and praying the Governor to issue a writ of requisition addressed to the proper authority of the Dis-

trict of Columbia, in which it was alleged Riley then was.

A writ of requisition was then issued by the Governor and forwarded to the Chief Justice of the Supreme Court of the District of Columbia calling for the arrest and extradition of Riley as a fugitive from justice. Thereupon Riley was arrested within the District of Columbia and held under a warrant issued by the Chief Justice in compliance with the writ of requisition.

Afterwards, on December 6, 1935, Riley filed a petition in the Supreme Court of the District of Columbia praying for a writ of habeas corpus and a discharge from custody. He alleged that the warrant of arrest under which he was held was illegal and void for the reason that the affidavit in support of the complaint upon which the requisition was issued did not state facts sufficient to justify the issuance of the warrant because the affidavit made by affiant Holland in support of the complaint did not state facts within his personal knowledge, but upon information only.

Petitioner also claimed that the only identification made of him as a participant in the alleged crime was made by a convict serving a term of from twenty to forty years in the Michigan Penitentiary; and that a large reward had been offered for the conviction of the persons charged with the crime for which the petitioner was arrested. Trial was had upon appellant's petition by the Supreme Court of the District of Columbia and the petition was denied. The present appeal was then taken.

In our opinion the decision of the lower court was right.

Rev.St. § 5278, title 18, § 662, U.S.C. (18 U.S.C.A. § 662) provides as follows: "Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, it shall be the duty of the executive authority of the State or Territory to which such person has fled to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authority making such demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear."

■ It appears that the writ of requisition in the present case was not based upon an indictment against Riley in the state of Michigan, but upon a complaint made under oath before a magistrate having jurisdiction in such cases. Such a complaint made under oath is sufficient to justify the issuance of a requisition. In re Strauss, 197 U.S. 324, 25 S.Ct. 535, 49 L.Ed. 774. The affidavit made by Holland in support of the complaint on June 30, 1930, was absolute and unconditional in form. Nothing in the complaint or the oath supporting it indicated that it was made upon information only.

■ In the "affidavit of flight" made five years after the filing of the original complaint it was stated by Holland that for approximately six years he was a member of the Metropolitan Police Department of the city of Detroit and that he had charge of the case of the People of the State of Michigan versus the defendants, including Riley, the appellant herein; that he had signed the original complaint in this upon information he had received acting as an officer in said case; that all of the defendants were arrested, tried, and convicted except appellant Riley and one other; and that before the issuance of the warrant in the case he had interviewed several witnesses who were produced at the trial; and that he had signed the complaint after having full information of the actions of the defendant therein.

In his affidavit Holland also stated that Riley had fled from the jurisdiction of the state of Michigan and was then a fugitive from justice in the custody of the Metropolitan Police Department of the city of Washington, D. C., and prayed for a writ.

We think that these facts justify the arrest of appellant in this jurisdiction and his extradition to the state of Michigan. The affidavit made by Holland to the original complaint was unqualified and absolute in form and not made upon information and belief. The magistrate, accordingly, was justified in issuing a warrant for the arrest of the accused, and a motion to quash such arrest upon the ground that the complaint was made upon infor-

mation and belief would not be sustained. In People v. Lynch, 29 Mich. 274, a complaint in unqualified terms, charging the accused with the crime of rape, was filed with the justice of the peace and a warrant issued for the arrest of the accused. When called upon to plead to the information the accused first put in a plea in abatement setting forth, substantially, that the complaint upon which he was arrested and examined was sworn to by the father of the victim, who had no personal knowledge of the facts, but swore to the matter stated in the complaint only upon the information he had received from his daughter upon whom the offense was charged to have been committed, and that no other evidence had been taken by, or submitted to the justice; and consequently, that the justice had acquired no jurisdiction to issue the warrant upon which the defendant was arrested and brought before the justice for examination; that on examination the complainant testified that when he made the complaint before the magistrate he had no personal knowledge of the facts, but that he had made it from the information received from his daughter; and accused therefore claimed that the justice not having acquired jurisdiction, the examination before him was void and of no effect, and therefore the accused had never had the examination to which the statute entitled him before the information could be filed against him. It was held that the complaint upon its face being sworn to in the usual and regular manner was sufficient to give the magistrate jurisdiction to issue the warrant and to examine the prisoner.

In Potter v. Barry Circuit Judge, 156 Mich. 183, 120 N.W. 586, it was held that a complaint, which upon its face purports to be made upon the knowledge of the affiant, is a sufficient compliance with the statute and respondent is not entitled upon arraignment to impeach such complaint by showing a lack of knowledge on the part of the complaining witness. See, also, People v. Schottey, 66 Mich. 708, 33 N.W. 810, and People v. Haas, 79 Mich. 449, 44 N.W. 928.

Upon these authorities we conclude that the warrant of arrest was lawfully issued by the magistrate upon the filing of the first affidavit by Holland, and that the writ of requisition issued by the Governor of Michigan was thereby justified. Moreover, the record in the present case does not profess to include all of the evidence brought to the attention of the Governor upon the application for the writ of requisition.

We are further supported in this view in the statement of the United States Supreme Court in Biddinger v. Commissioner of Police, 245 U.S. 128, 38 S.Ct. 41, 43, 62 L.Ed. 193, where after a careful review of the constitutional history of the question it is said: "Such being the origin and purpose of these provisions of the Constitution and statutes, they have not been construed narrowly and technically by the courts as if they were penal laws, but liberally to effect their important purpose."

This seems to dispose of the only tangible issue made by the appellant in the case, and we affirm the decision of the lower court.

Affirmed.