THE PEOPLE v. FRED BECHTEL.

*Criminal law—Complaint and examination—Jurisdiction of examining magistrate.*

1. The complaint and examination of witnesses required by the statute in cases not cognizable by a justice of the peace need not be reduced to writing.

2. The Court will presume that the justice examined the complainant and his witnesses orally where such fact is recited in the warrant purporting to have been issued upon such complaint and examination.

3. The fact that an affidavit was taken by a justice of the peace in support of a complaint for an offense beyond his jurisdiction to try, prior to reducing such complaint to writing, does not affect his jurisdiction to issue a warrant.

4. The object of the examination of the complainant and his witnesses in a case not triable by a justice of the peace is to enable that officer to determine from it whether there is sufficient ground for issuing a warrant.

Exceptions before judgment from Bay.   (Cobb, J.)
Argued May 1, 1890.   Decided May 9, 1890.

Respondent was convicted of engaging in the business of a retail liquor dealer without having paid the required tax.  Conviction affirmed.  The facts are stated in the opinion.

*D. B. Richardson* (*Trask & Smith,* of counsel), for respondent.

*B. W. Huston,* Attorney General (*Jay P. Lee,* of counsel), and *Curtis E. Pierce,* Prosecuting Attorney, for the people.

LONG, J.   The defendant was convicted in the circuit court for Bay county on March 14, 1890, upon an infor-

mation charging that on December 6, 1889, he was engaged in the business of selling and offering for sale spirituous and intoxicating liquors, and malt, brewed, and fermented liquors, at retail, and that being so engaged he did, on said December 6, unlawfully offer for sale spirituous and intoxicating liquors to one Peter Tierney, he not being a druggist, and not having paid to the county treasurer the tax required by law for selling and offering for sale such liquors.

The defendant, having been arraigned in open court, pleaded not guilty. On motion subsequently made by defendant's attorney, it was ordered that defendant have leave to withdraw his plea for the purpose of making a motion to quash the information and proceedings in the cause. Such motion was based on the following grounds:

"1. The complaint and examination upon oath and in writing of Samuel Catlin, taken and made before Daniel Mangan, police justice of Bay City, in said county, against the respondent, which said complaint and examination was returned by said justice to this court, and is on file herein, does not set up the facts constituting said offense upon the knowledge of said Catlin, but simply upon his suspicions, which said complaint and examination aforesaid were entirely insufficient to give said justice jurisdiction to issue the warrant therein.

"2. The warrant issued by said justice upon said complaint and examination aforesaid is entirely null and void, and insufficient to cause the arrest of said defendant, for the reason that it charges no crime or offense as having been committed, but simply charges that he has reason to suspect, and does suspect, that a crime or an offense has been committed contrary to law.

"3. That the information filed herein by the prosecuting attorney sets up an offense entirely different and distinct from the one charged against said respondent in the complaint and examination made before said justice, and the warrant issued thereupon, and upon which this respondent was arrested and examined before said justice, upon which he was bound over to this court for trial.

"4. That this respondent has had no preliminary

examination before said justice, or any magistrate author-
ized by law to make such examination, upon the offense
charged herein, and that he has not in any manner
waived or forfeited his right to said examination, and
that said information is void and of no effect for said
reason."

The motion was based upon the complaint and warrant
as returned by the justice to the circuit court, and upon
the information filed. After this motion to quash was
made, on motion of the prosecuting attorney the justice
was ordered to make further return, which he did as fol-
lows:

"In pursuance of an order made in the above-entitled
cause, on this 11th day of March, 1890, I, Daniel Man-
gan, police justice of Bay City, in said county, do hereby
make further return in said cause that, before the com-
plaint upon which the warrant aforesaid in said cause
was taken and made before me, Peter Tierney was
examined by me under oath, and in writing, which depo-
sition of said Peter Tierney is hereby returned."

The deposition referred to reads as follows:

"State of Michigan, }
   "County of Bay,   }  ss.
"Peter Tierney, being duly sworn, deposes and says
that he is a resident of Bay City, Michigan; that he
knows Fred Bechtel; that said Fred Bechtel resides in
the Lake House, in said city; that there is a saloon in
said Lake House; and that on the 6th day of December,
1889, in said saloon, he, the said Fred Bechtel, furnished
and gave whisky to the complainant.
                                    "Peter Tierney.
"Subscribed and sworn to before me this 10th day of
December, 1889.    Daniel Mangan, Police Justice."

Upon the coming in of this further return, the court
overruled the motion to quash, and the defendant entered
a plea of not guilty. The case proceeded to trial before
a jury, and respondent was found guilty. The only
exceptions relied upon here are those above stated; that

80 Mich—40.

is, that the court erred in not sustaining the motion to quash the information, and discharging the respondent for the reasons set forth in the motion.

The complaint and warrant returned by the police justice, with his certificate of the proceedings had before him, and his finding thereon, are as follows:

"STATE OF MICHIGAN, }
  "County of Bay,    } *ss.*

"The complaint and examination on oath in writing of Samuel M. Catlin, taken and made before me, Daniel Mangan, police justice of the city of Bay City, in said county, upon September 11, A. D. 1889, who, being duly sworn, says that heretofore, to wit, on December 6, A. D. 1889, at the city and in the county aforesaid, Fred Bechtel was then and there engaged in the business of selling and offering for sale spirituous and intoxicating liquors, and malt, brewed, and fermented liquors at retail, and, being so engaged in said business, he, the said Fred Bechtel, did then and there, on said December 6, 1889, unlawfully offer for sale spirituous and intoxicating liquors, and did then and there unlawfully give and furnish spirituous and intoxicating liquors, to wit, whisky, to one Peter Tierney, he, the said Fred Bechtel, not having then and there paid to the county treasurer of said county the tax required by law for selling and offering for sale spirituous and intoxicating, and malt, brewed, and fermented liquors, and he, the said Fred Bechtel, not being then and there a druggist, nor any person whose business consists, in whole or in part, of the sale of drugs and medicines, and the liquors so sold and given and furnished as aforesaid not being then and there proprietary patent medicine. All of which complainant has good reason to suspect, and does suspect, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan; wherefore the said Catlin prays that the said Bechtel may be apprehended and held to answer this complaint, and further dealt with in relation to the same as law and justice may require.

"SAM'L M. CATLIN.

"Taken, subscribed, and sworn to before me the day and year first above written.        DANIEL MANGAN,
                                                    "Police Justice."

" STATE OF MICHIGAN, } ss.
  "County of Bay, }

" *To the Chief of Police of said County, greeting:*

" Whereas, Samuel Catlin hath this day made complaint in writing and on oath to me, Daniel Mangan, police justice of the city of Bay City, in said county, that heretofore, to wit, on December 6, A. D. 1889, at the city, in the county aforesaid, Fred Bechtel was then and there engaged in the business of selling, and offering for sale, spirituous and intoxicating liquors, and malt, brewed, and fermented liquors, at retail, and being so engaged in said business, he, the said Fred Bechtel, did then and there, on said December 6, 1889, unlawfully offer for sale spirituous and intoxicating liquors, and did then and there unlawfully give and furnish spirituous and intoxicating liquors, to wit, whisky to one Peter Tierney, he, the said Bechtel, not having then and there paid to the county treasurer of said county the tax required by law for selling and offering for sale spirituous and intoxicating liquors, and he, the said Bechtel, not being then and there a druggist, nor any person whose business consists, in whole, or in part, of the sale of drugs and medicines, and the liquors so sold and given away and furnished as aforesaid not being then and there proprietary patent medicines. All of which complainant has good reason to suspect, and does suspect, contrary to the statute.

"And whereas, on examination, on oath, of the said Catlin, Peter Tierney, by me, the said justice, it appears to me, the said justice, that said offense has been committed, and there is just cause to suspect the said Bechtel to have been guilty thereof:

"Therefore, in the name of the people of the State of Michigan, you, and each of you, are hereby commanded forthwith to arrest the said Bechtel, and bring him before me, to be dealt with according to law.

"Given under my hand and seal at Bay City, in said county, on December 11, A. D. 1889.

"DANIEL MANGAN,
[Seal.]                      " Police Justice."

Upon this warrant the defendant was arrested and brought before the police justice, and an examination had. The justice made the following return of his findings upon the examination:

"STATE OF MICHIGAN, ⎱ *ss.*
  "County of Bay,        ⎰

   · "*To the Circuit Court for the County of Bay.*

"THE PEOPLE
            v.

"FRED BECHTEL.

"I, Daniel Mangan, police justice of Bay City, in said county, do hereby return to said circuit court that on December 11, 1889, Fred Bechtel was brought before me for examination touching the offense charged in the annexed complaint and warrant of arrest by Samuel Catlin, policeman. That such examination was had before me, and it appearing to me that the offense charged in said complaint and warrant had been committed, and that there was probable cause to believe defendant guilty of the commission thereof, he was required by me to enter into recognizance himself in the sum of three hundred dollars, and one surety in the sum of three hundred dollars, for his personal appearance at the next term of the circuit court to answer to any information to be filed against him herein.

"I further return that no such recognizance has been furnished to me.

"I further certify that the testimony taken in such examination, together with the complaint and warrant of arrest, is hereto attached.

                              "DANIEL MANGAN,
                                   "Police Justice.

"*Dated December 21, 1889.*"

On the argument here it is claimed that the further return of the justice ordered by the court below cannot be considered, for the reason that the affidavit which is so returned shows upon its face that it was taken the day before the complaint was made; that How. Stat. § 9455, provides:

"Whenever complaint shall be made to any such magistrate, that a criminal offense, not cognizable by a justice of the peace, has been committed, he shall examine on oath the complainant, and any witness who may be produced by him," etc.

That is, that it appears, at the time this affidavit was

made, no complaint had been made to the magistrate, and none was made until twenty-four hours thereafter, and that it does not appear that the witness was produced by the complainant, the affidavit describing the affiant as being the complainant. There might be some force in this contention if the statute required the complaint and examination in such cases to be reduced to writing by the justice. But the statute above cited, and the following sections, provide further:

"9456. If it shall appear from such examination, that any criminal offense, not cognizable by a justice of the peace, has been committed, the magistrate shall issue a warrant directed to the sheriff or any constable of the county, reciting the substance of the accusation, and commanding him forthwith to take the person accused of having committed such offense, and to bring him before such magistrate to be dealt with according to law," etc.

"9466. The magistrate before whom any person is brought upon a charge of having committed an offense, and not cognizable by a justice of the peace, shall proceed, as soon as may be, to examine the complainant, and the witnesses in support of the prosecution, on oath, in the presence of the prisoner, in regard to the offense charged, and in regard to any other matters connected with such charge, which such magistrate may deem pertinent."

"9470. If it shall appear to the magistrate, upon the examination of the whole matter, either that no offense has been committed, or that there is not probable cause for charging the prisoner therewith, he shall discharge such prisoner.

"9471. If it shall appear that an offense not cognizable by a justice of the peace has been committed, and that there is probable cause to believe the prisoner guilty thereof and if the offense be bailable by the magistrate, and the prisoner offer sufficient bail, it shall be taken, and the prisoner discharged; but if no sufficient bail be offered, or the offense be not bailable by the magistrate, the prisoner shall be committed to prison for trial."

The offense with which the respondent was charged was not cognizable by a justice of the peace to try and determine. The proceedings, therefore, from the making

of the complaint to the time of committing the respondent for trial, were to be governed by the provisions of the statute above quoted. The justice, under these provisions of the statute, shall issue his warrant when complaint is made, if it shall appear to him, from the examination of the complainant, and other witnesses produced, on oath, that a criminal offense not cognizable by a justice of the peace has been committed; the warrant containing the substance of the accusation, and commanding the officer to take the person accused. The object of this examination of the complainant and other witnesses on oath is to enable the justice to determine from it whether there is sufficient ground for issuing the warrant to bring the accused before him for examination. It is not the object of this examination to determine the guilt or innocence of the accused as upon a trial, but whether there is probable cause for believing him guilty. This complaint and examination need not be in writing, but may be taken orally, and, if it appears to the justice that such offense has been committed, he issues his warrant for the apprehension of the party accused. The facts upon which the justice's jurisdiction depends are to be elicited from the witnesses, examined upon oath by the justice in support of the complaint, and the proceedings before issuing the warrant by the justice are entirely informal and *ex parte*. It is his judgment as to whether it appears that an offense has been committed which must be satisfied by such examination. It does not matter that the complaint was not reduced to writing until December 11, and that Tierney's affidavit was taken on the tenth, 24 hours before the time of reducing the complaint to writing. We must presume that the justice examined the complainant and Tierney orally. The warrant recites the fact that—

"On examination on oath of the said Catlin, Peter

Tierney, by me, the said justice, it appears to me, the said justice, that said offense has been committed, and that there is just cause to suspect the said Bechtel to have been guilty thereof."

The court very properly held that the justice's further return should be considered upon the question of whether any showing was made to the justice which authorized him to issue the warrant. It contained some of the facts upon which the justice acted.

It has been repeatedly held by this Court that, in such cases,—that is, where the offense is not cognizable by a justice,—the complaint and examination need not be in writing. In *People v. Lynch*, 29 Mich. 278, it was said:

"The statute [referring to the statute under consideration] requires the justice to examine the complainant on oath (and any witnesses who may be produced by him), though it does not require that examination to be taken down in writing, nor the evidence to be inserted in the complaint, as in the case of an affidavit for an attachment, or a warrant in civil cases."

In *People v. Clark*, 33 Mich. 119, it was expressly held by this Court that, under this statute no complaint in writing is necessary.

In *Turner v. People*, Id. 370, it was said:

"Another circumstance tends to show the nature and office the Legislature ascribed to the complaint and other proceedings prior to the warrant. The law contemplates that there is no necessity that the magistrate who examines after the arrest, and who must decide whether the accused shall be held or not, should have before him the complaint or any of the proceedings prior to the warrant; because it is expressly provided that, if the magistrate who issues the warrant is absent or unable to attend, the accused shall be taken before some other magistrate of the same county, and that the warrant, with a proper return thereon, signed by the person who made the arrest, shall be delivered to the magistrate. * * * The law here contemplates that the warrant will contain the substance of the accusation, as shown by the examination made before its issue."

See, also, *Yaner v. People*, 34 Mich. 288. There is no force, therefore, in the proposition that the magistrate had not sufficient evidence before him to authorize the issuing of the warrant.

The other and last objection is that the information charges a separate and distinct offense from that alleged in the complaint and warrant. If there is any material variance between the information and the complaint and warrant, it is justified under the ruling of this Court in *People v. Annis*, 13 Mich. 514. It was there said:

"The statute (Laws of 1859, p. 393) provides that, except in certain specified cases, no information shall be filed against any person for any offense until such person shall have had a preliminary examination therefor before an examining officer or magistrate, unless such person shall waive his right to such examination. The examination under this statute was designed to some extent to accomplish the purpose of a presentment by the grand jury under the law as it existed before, in protecting a party against being subject to the indignity of a public trial for an offense before probable cause had been established against him by evidence under oath. But it was never designed that the complaint or warrant before the magistrate should stand in the place of a formal presentment, nor that in the circuit court the prosecuting officer should be limited by it in the mode of charging the offense. It is undoubtedly competent for him, so long as he does not undertake to proceed against a person for a different transaction than that to which the examination relates, to put his information in such form as in his opinion will enable him to try the offense on the merits * * * to advance the ends of justice."

The case comes up on exceptions before sentence. The verdict must stand, and the court is advised to proceed to judgment on the verdict.

The other Justices concurred.