108  587
109  362
108  587
f113  540

PEOPLE *v.* WHIPPLE.

1. CRIMINAL LAW—OFFENSE NOT TRIABLE BY JUSTICE—JURISDICTION TO ISSUE WARRANT.

Where a warrant for an offense not cognizable by a justice of the peace recites the examination of the complaining witness on oath, it will be presumed that sufficient evidence was adduced to authorize the issuance of the warrant, although the written complaint purports to have been made solely on information and belief.

2. SAME—EVIDENCE TO REBUT PRESUMPTION.

In such case, parol evidence to show that no other testimony was taken than that contained in the complaint is inadmissible,—at least upon motion to quash the information, made after the jury has been impaneled to try the cause.

3. INTOXICATING LIQUORS—SALOON—WHAT CONSTITUTES.

In a prosecution for keeping a saloon open on a legal holiday, evidence that, upon the day in question, the respondent, during the absence of his copartner, sold liquors in rooms occupied by the latter as living apartments, situated above the saloon proper, and accessible only by an outside stairway, is sufficient to justify a conviction. *People* v. *Cox,* 70 Mich. 247, and *People* v. *Ringsted,* 90 Mich. 371, followed.

Exceptions before judgment from Ingham; Person, J. Submitted January 31, 1896.   Decided March 11, 1896.

Amos Whipple, impleaded with Edward Sedweek, was convicted of keeping a saloon open on a legal holiday. Conviction affirmed.

*E. D. Lewis* and *J. E. Nichols*, for appellant.

*L. B. Gardner*, Prosecuting Attorney, for the people.

LONG, C. J.   The respondents were prosecuted for keeping their saloon open on July 4, 1895.   Respondent Whipple was convicted, and respondent Sedweek was discharged by order of the court.

Respondents were the keepers of a saloon in the village of Williamston, under the firm name of Sedweek & Whipple, and, as such, sold spirituous and other liquors usually kept in saloons. The saloon was on the first floor of a building leased by them for that purpose. The rent of the entire building was paid from the joint proceeds of their business. On the lower floor, the front part was used as a cigar and tobacco room. Back of this was the saloon proper, and in a wing back of that was a room with tables for card playing and serving liquors. The upper part of the building is reached by back stairs, the foot of which is 10 or 12 feet distant from the rear door of the saloon. The rooms above were kept by the respondent Sedweek as living rooms, though his family did not reside there. On the morning of the 4th day of July, 1895, Sedweek went away, leaving the key to the upper rooms with a man who had been rooming with him. During that day, respondent Whipple occupied these upper rooms, or some of them, and sold beer and other liquors therein to different parties, but closed the rooms up again before the return of Sedweek in the evening.

But one question need be discussed. It is contended that the justice had no jurisdiction to issue the warrant in the case, for the reason that the complaint, which was in writing, charged the commission of the offense solely upon information and belief. The complaint and warrant are returned here, but none of the other proceedings taken before the justice. The complaint recites that the complainant says "that he has been informed, which information he believes to be true, and does believe, that heretofore, to wit," etc. There is no statement in the complaint that the complaining witness had any knowledge of the facts set up in the complaint as to the commission of the offense. The warrant recites that the complaining witness "this day made complaint in writing and on oath," etc. It was conceded upon the argument here by counsel that an examination was had before the justice. The information is set out in full, but whether

the respondents pleaded to it the record does not show. After the jury were impaneled, and after a witness had been sworn on the part of the people and the examination commenced, the record shows the following:

"Respondents hereby renewing their motion to quash the information, and to discharge the respondents from further custody, for the reason that the justice acquired no jurisdiction to issue the warrant in this cause, in this: That the complaint was made upon information and belief, and that no other testimony was taken by the said justice before the issuing of said warrant, and that the complaining witness was not sworn, other than the reading of the complaint to him, which he then signed, and being asked by the justice, who put him under oath, and swore him as to the contents of the complaint by him subscribed. Respondents then offered to prove by the justice that the complaining witness did 'not testify to anything outside of the facts set forth in the complaint, and that no other witnesses were called or sworn by him before the issuing of the warrant."

Respondents then offered to call the complaining witness, and to show by him that he gave no testimony before the justice who issued the warrant other than swearing to the complaint, and that he only knew of the facts as therein set forth on information and belief, and that no other witnesses were produced and sworn before the issuing of the warrant. The court refused to receive this testimony, and overruled the objection.

The complaint, warrant, and information are set out in the record. We are unable to say from the record as presented that there was no other testimony taken by the justice before the warrant issued than that set out in the complaint. The warrant recites that, "on examination on oath of the said Jeremiah Nichols by me, the said justice, it appears to me, the said justice, that said offense has been committed," etc. It therefore appears that the justice, from such examination, was satisfied that an offense had been committed. It was not necessary that such examination on oath of the witness or witnesses be reduced to writing.

The court very properly excluded the evidence offered to show that no other testimony was taken. The record does not disclose whether the respondents pleaded to the information or not; but it does appear that the trial had proceeded so far that the jury had been impaneled to try the cause, and it is admitted that the respondents had an examination in the court below. We know of no rule that would permit the respondents, at least at this stage of the case, to adduce testimony to show that the justice who issued the warrant did not have sufficient evidence before him to warrant his issuing a warrant of arrest.

It is contended, further, that the charge in the information is not supported by the evidence; that, from such proofs, it appears that the place where the liquors were sold was wholly unconnected with the saloon, and was not a saloon within the meaning of the statute. The case falls so clearly within the rule laid down in *People* v. *Cox*, 70 Mich. 247, and *People* v. *Ringsted*, 90 Mich. 371, that no further discussion of the question is necessary. The offense was properly charged, and was fully supported by the evidence.

Conviction affirmed.

The other Justices concurred.