PEOPLE *v.* RUSH.

1. CRIMINAL LAW—OFFENSE NOT TRIABLE BY JUSTICE—WARRANT —PRELIMINARY EXAMINATION.

The examination of witnesses preliminary to the issuance of a warrant in a case not cognizable by a justice of the peace need not be reduced to writing.

2. SAME—JURISDICTION—SUFFICIENCY OF EVIDENCE—PRESUMPTION.

Where the warrant issued in such case recites the examination of the complaining witness on oath, but does not show to what he testified, it will be presumed that the evidence was sufficient to authorize the issuance of the warrant, although the written complaint purports to have been made on information and belief. *People* v. *Whipple*, 108 Mich. 587, followed.

3. SAME—JURORS—CHALLENGE FOR CAUSE—RECORD ON APPEAL.

Error will not lie upon the overruling of respondent's challenge for cause, where it does not appear from the record that he exhausted his peremptory challenges, or that the challenged person sat as a juror.

4. SAME—INTOXICATING LIQUORS—UNLAWFUL SALE—DETECTIVE AS WITNESS—DEFENSES.

The fact that a witness to whom an unlawful sale of liquor was made was employed by the prosecuting attorney as a detective with a view to respondent's prosecution is no defense.

5. SAME—EVIDENCE—LEGISLATIVE RESOLUTION.

A joint resolution of the legislature "authorizing the attorney general to commence legal proceedings to quiet title to certain lands in the township of Clay, St. Clair county, State of Michigan, in which this State has a legal interest," was not competent evidence to contradict that offered by the people, in a prosecution for illegally selling liquor upon such lands, to show that the sale was within the limits of St. Clair county.

6. SAME—UNSURVEYED LANDS.

Unsurveyed lands within the boundaries of the various counties and townships of the State are not exempt from the operation of the general liquor law.

7. SAME—SPECIAL LAWS—SUMMER RESORTS.

> Act No. 116, Pub. Acts 1895, amendatory of an act entitled "An act to authorize the formation of corporations for the purchase and improvement of grounds to be occupied for summer homes, for camp meetings," etc., does not constitute a special law for the government of such places in such sense as to take them without the provisions of the general liquor law of the State.

Exceptions before judgment from St. Clair; Vance, J. Submitted June 17, 1897.   Decided June 28, 1897.

Louis Rush was convicted of illegally selling intoxicating liquors.   Affirmed.

*B. T. Prentis*, for appellant.

*Fred A. Maynard*, Attorney General, and *Joseph Walsh*, Prosecuting Attorney, for the people.

MOORE, J.   The respondent was convicted of illegal sales of intoxicating liquors.

The first errors assigned relate to the insufficiency of the complaint, which was made upon information and belief.   The record shows the written complaint to have been made upon information and belief.   The complaint charges a specific offense by apt words and phrases.   The warrant recites, after setting up the making of the complaint, and what it contained, "Whereas, on examination on oath of the said Joseph T. Minnie by me, the said justice of the peace, it appears to me, the said justice of the peace, that said offense has been committed, and there is just cause to suspect the said Louis Rush to have been guilty thereof."   The warrant recites that Mr. Minnie was examined on oath, though it does not show to what he testified.   *People* v. *Whipple*, 108 Mich. 587.   It has been repeatedly held that the examination held before the examining magistrate before the warrant issues does not need to be reduced to writing.   *People* v. *Bechtel*, 80 Mich. 630, and cases cited.   The court did not err in refusing to dismiss the proceedings.

It is assigned as error that the court erred in not sustaining respondent's challenge for cause to Mr. Spalding, who was offered as a juror. As the record does not show that Mr. Spalding sat as a juror, or that respondent had exhausted his peremptory challenges, it will not be necessary to discuss these assignments in detail. The examination, however, did not disclose that the challenge for cause was well taken. *Sullings* v. *Shakespeare*, 46 Mich. 408 (41 Am. Rep. 166); *People* v. *Barker*, 60 Mich. 277 (1 Am. St. Rep. 501); *People* v. *Aplin*, 86 Mich. 393.

The testimony disclosed that the sales were made to a man by the name of Kerr, who was accompanied by a detective, and also to the detective himself, who was in the employ of the prosecuting attorney for the purpose of learning whether illegal sales were made or not; and the court was asked to charge that the respondent could not be convicted of the offense charged, because the prosecution was based upon testimony furnished by the detective, for sales made to the detective, in the employ of the prosecuting attorney. The judge declined to so charge, and this is said to be error. This question was passed upon in the case of *People* v. *Everts*, 112 Mich. 194, and cases cited therein, and the decision was adverse to the contention of the respondent.

It was shown that the sales were made at Muir's Landing, on Harsen's Island, below the surveyed portion of the government survey. The treaty and convention between the United States and other powers, 1776 to 1887, showing the boundary line between the United States and Canada at the point indicated, was received in evidence. This was supplemented by testimony that where the sale was made was in St. Clair county. To contradict this testimony, respondent offered in evidence Joint Resolution No. 17, session of 1895, and the files in several cases commenced by reason of that resolution. The court rejected this testimony. As the files were not returned, we do not know what they contain, but the joint resolution was not competent evidence to show that these lands were not in

the township of Clay, in the county of St. Clair, and State of Michigan, for it recites that the lands mentioned in the resolution are in said township.

It is urged that, as the land where the sale occurred was not surveyed by the government surveyor, it was not a violation of the law to make sales.    There are scattered all through the State meandered streams, lakes, and swamps which have never been surveyed by the surveyors of the general government, but the lands are within the various counties and townships of the State.    We are not prepared to decide that, if a person will but seek out these localities, he may engage in the sale of intoxicating liquors without complying with the provisions of the laws of the State.

It is claimed by the respondent that the sales were made at a summer resort, which is governed by special law relating to such places.    Act No. 116, Pub. Acts 1895. I do not think anything could be further from the thought of the legislature in passing the law just quoted, which is an amendment to an act entitled "An act to authorize the formation of corporations for the purchase and improvement of grounds to be occupied for summer homes, for camp meetings,    *    *    *    and for the promotion of the cause of religion and morality," etc., than that they were so amending the liquor laws of the State as to permit the sale of liquors at such places without let or hindrance. We do not think the effect of the enactment of the law of 1895 was to suspend the general liquor law of the State.

The other assignments of error do not call for discussion.

The conviction is affirmed.

The other Justices concurred.