PEOPLE v. CURRAN.

CRIMINAL LAW—TRIAL—JURISDICTION—JUSTICES OF THE PEACE.
    In a prosecution for violation of the local-option law, after arraignment of the respondent, and the impaneling and swearing of the jury, it was too late to raise a question of the jurisdiction of the examining magistrate.

Exceptions before sentence from Calhoun; North, J. Submitted April 14, 1916. (Docket No. 131.) Decided June 1, 1916.

Tom Curran was convicted of a violation of the local-option law. Affirmed.

*Robert H. Kirschman*, Prosecuting Attorney, for the people.

*John C. Davis* and *Maxwell B. Allen*, for respondent.

STONE, C. J. This case is before us upon exceptions before sentence.

The defendant was convicted of a violation of the local-option law, in that he did, on August 18, 1915, at the city of Battle Creek, county of Calhoun, sell a

quantity of beer and whisky to one Leonard Forester, he, the said defendant, not being then and there a druggist or registered pharmacist, etc. The complaint was made by one Robert C. Towsley, a deputy sheriff, upon information and belief. The warrant issued by the justice of the peace contained the following recital:

"And whereas, on examination on oath of the said R. C. Towsley and George Aldrich by me, the said justice, it appears to me, the said justice,/that said offense has been committed, and there is just cause to suspect the said Tom Curran to have been guilty thereof: Therefore in the name of the people of the State of Michigan, you, and each of you are hereby commanded forthwith to arrest the said Tom Curran, and bring him before me to be dealt with according to law."

An examination was had before the justice at which Robert C. Towsley, Leonard Forester, and George Aldrich were examined on oath in the usual manner. Upon the examination, counsel for the defendant made a motion to quash the complaint and warrant, for the reason that the affidavits, before the issue of the warrant, of Forester and Aldrich were taken before Charles R. Young, a notary public, and that said witnesses gave no testimony under oath before the said justice to sustain the complaint signed by Robert C. Towsley, and that the justice had no jurisdiction to issue said warrant for the arrest of defendant. This motion was denied by the justice, and the defendant was held for trial in the circuit court.

In the circuit court, when arraigned at the bar in open court, the defendant waived the reading of the information which was in due form, and stood mute, whereupon, by order of the court, a plea of not guilty was entered, a trial was ordered and a jury duly impaneled and sworn, and the trial proceeded.. Upon the trial of the case it appeared upon the cross-examina-

tion of George Aldrich, a witness for the people, that he made the affidavit before Charles R. Young, a notary public.

Upon the cross-examination of Robert C. Towsley the following occurred:

"*Q.* I show you the complaint in this case and ask you if that is your signature?

"*A.* Yes, sir. I signed that complaint before Judge Hart [the justice]; I signed that complaint on information and belief."

Upon redirect examination he testified:

"*Q.* What did you base your complaint upon?

"*A.* Mr. Forester's and Mr. Aldrich's affidavits.

"*Q.* I wish you would state to the jury, whether or not these young men were before the magistrate, Judge Hart, at all.

"*A.* Yes, sir.

"*Q.* Did he put them under oath and talk with them?

"*A.* He talked with them; we talked with Judge Hart, and they both talked with Judge Hart, and he told me to take them in to Charles Young, and have an affidavit made.

"*Counsel for Defendant:* I wish to make a motion if the jury may be excused.

"*The Court:* In their examination before Justice Hart, were they examined by the justice under oath?

"*A.* Don't think it was under oath.

"*The Court:* Just took their unsworn statements?

"*A.* Yes, sir.

"*The Court:* Were you present when Justice Hart examined these young men?

"*A.* Yes, sir.

"*The Court:* So far as you remember was the oath administered?

"*A.* I do not think they were under oath. He merely talked with them there, and we went in and took their affidavits in front of Mr. Young, and then they went in and swore to it.

"*The Court:* Went in where to swear to it?

"*A.* I think Young swore them to it."

The justice was called as a witness by the defendant.

He testified, under objection by the prosecuting attorney, that he issued the warrant which bore his signature.

"The warrant was written out by Mr. Young, the clerk, before I signed it. It is made out in the usual form. The body of the warrant is in the handwriting of Mr. Young. I did no writing on the warrant myself, except to sign it. I don't know whether I read the complaint and warrant over before I signed them or not. I would not say that I did.

"Q. Is that warrant based on information and belief?

"A. Yes, sir. The parties who made the affidavits came in there; I think Towsley brought them in there, and I talked with them. They were put under oath by Young, I think. Young is the man who swore them as to what knowledge they had. I don't think they were sworn before me, but I would not say positively. * * * Our usual custom has been in most all complaints taken down there, to have affidavits brought to me and from them I have issued the warrants.

"Q. Without examining the witnesses yourself?

"A. Sometimes we examine them, and then other times we do not. I think this is one of the cases in which I did not swear them, as the affidavits were made before Charles R. Young."

It appeared that Mr. Young was the clerk of the court over which the justice presided. It also appears that the city of Battle Creek is operating under a charter which provides for a "justice's clerk," appointed in accordance with the provisions of Act No. 171, Pub. Acts 1911. Section 3 of the act, among other things, provides that (3 Comp. Laws 1915, § 14758):

"Each clerk appointed under the provisions of this act is hereby empowered to take complaints in criminal causes and swear the complaining witnesses thereto."

The above facts appearing upon the trial, defendant's counsel made a motion that the information be quashed, the jury dismissed, and the defendant discharged for the reason that the complaint was made

by said Towsley on information and belief, and that the only information given by Forester and Aldrich in support of the complaint was in the form of a sworn statement to Charles R. Young, a notary public, and no sworn evidence was given by said witnesses, or any other witnesses before the said justice before the warrant issued.

The motion was denied, and defendant duly excepted. The defendant having been found guilty by the jury, he has brought the case here for review, and the sole assignment of error is that the court erred in overruling the motion to quash the information and discharge the defendant. Counsel cite and rely upon the following decisions of this court: *People* v. *Colleton,* 59 Mich. 573 (26 N. W. 771) ; *People* v. *Bechtel,* 80 Mich. 623 (45 N. W. 582) ; *People* v. *Heffron,* 53 Mich. 530 (19 N. W. 170) ; *Brown* v. *Hadwin,* 182 Mich. 491 (148 N. W. 693, L. R. A. 1915B, 505).

In the *Colleton Case* the complaint was taken before, and the warrant was issued by, the clerk of the police court of Grand Rapids, and this court held such action involved judicial action which could only be taken by a court, and could not be performed by the clerk. That is quite a different case from this where, at most, all that is claimed is that the affidavits supporting the complaint were made before the clerk, who had statutory authority to take complaints and swear the complaining witnesses in criminal cases. But it is not necessary to pass upon this question.

It is the contention of the prosecuting attorney that the recital in the warrant in the case at bar gave jurisdiction to the justice of the peace, and that such recital that he examined a witness under oath in addition to the complaining witness cannot be impeached. He further contends that it is against the weight of authority to hold that the jurisdiction acquired by the justice of the peace, as shown by the recitals in the warrant,

may be rendered void by the uncertain testimony of a fleeting witness however long after the examination was held; and it is further contended that parol evidence is inadmissible to contradict such recitals in the warrant.

We do not deem it necessary to pass upon the question whether such recital may or may not be contradicted. We think that the question of the jurisdiction of the examining magistrate was not a proper issue upon the trial of the case upon its merits. After the arraignment of the defendant, the entry of the plea of not guilty, and the impaneling and swearing of the jury, it was too late to raise a question of the jurisdiction of the justice. The issue before the jury was the guilt, or innocence of the defendant. The impropriety of going into such a collateral question as the jurisdiction of the justice is clearly shown by the examination of the justice himself, who, at the most, is uncertain as to whether he swore the man Aldrich himself, or whether the clerk swore him. The jurisdiction of the circuit court, obtained in the manner above stated, could not be destroyed because the complaining witness testified that he did not have personal knowledge of all the facts stated in the complaint. To permit this would be to allow oral testimony taken, as in this case, long after the complaint was made, to oust the court of jurisdiction given in the manner provided by the statute. We are therefore clearly of the opinion that this motion, even if there were any merit in it, ought to have been made before the jury were sworn. This entire subject-matter was outside the merits of the case. After the jury had been sworn and the trial of the issue as to the guilt of the defendant had been begun, it was too late to raise the objection as to the proceedings before the justice. This has been so often ruled by this court that it hardly seems necessary to cite cases. The real merit of the matter

is, that all preliminary questions about the jurisdiction of the justice should have been settled before the jury were sworn. It was not a matter which went to the merits of the trial. *People* v. *Schottey,* 66 Mich. 708 (33 N. W. 810) ; *People* v. *Haas,* 79 Mich. 449 (44 N. W. 928) ; *People* v. *Payment,* 109 Mich. 553 (67 N. W. 689).

In this case it was held that where a complaint and warrant for an offense not cognizable by a justice of the peace are valid in form, the question whether the evidence taken before him justified his conclusion to issue the warrant, is not triable at the circuit. *People* v. *Rush,* 113 Mich. 539 (71 N. W. 863); *People* v. *Brott,* 163 Mich. 150 (128 N. W. 236).

In the last-cited case it was held that on a motion to quash, first presented after a jury had been sworn, based on the ground of want of testimony before the examining magistrate, no error was committed in refusing to discharge the respondent. *People* v. *Davis,* 171 Mich. 241 (137 N. W. 61).

In the *Bechtel Case,* cited by defendant's counsel, it was held that the court will presume that the justice examined the complainant and his witnesses orally, where such fact is recited in the warrant purporting to have been issued upon such complaint and examination.

We are of opinion that there is no merit in the question presented, and the conviction of the defendant is affirmed, and the court below should proceed to judgment.

KUHN, OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.