PEOPLE v. KNOPKA.

1. CRIMINAL LAW—SEARCHES AND SEIZURES—STATEMENT IN SEARCH
   WARRANT MAY NOT BE CONTRADICTED BY RETURN.

   The statement in a search warrant issued by a magistrate
   that his determination of probable cause was based upon
   a certain affidavit may not be contradicted by his return
   to the circuit court.

2. SAME—AFFIDAVIT FOR SEARCH WARRANT MUST BE IN WRITING—
   INTENT—FINDING OF PROBABLE CAUSE REVIEWABLE.

   The provisions of the prohibition law (Act No. 338, Pub.
   Acts 1917, §§ 26, 27, Act No. 99, Pub. Acts 1921, § 25)
   require that the "sworn complaint or affidavit" for a search
   warrant shall be in writing; the legislative intent being
   to provide for review of the magistrate's determination of
   probable cause.

3. SAME—AFFIDAVIT SHOULD BE CERTIFIED AND RETURNED.

   Where arrest of the accused follows the execution of the
   search warrant (section 26, Act No. 338, Pub. Acts 1917),
   and there is a return to the circuit court upon an examina-
   tion, the search warrant with return thereof as provided
   by section 29, Act No. 53, Pub. Acts 1919, and the sworn
   complaint, affidavit or affidavits in writing upon which
   the determination of probable cause was made, should
   be certified and returned to the circuit court.    3 Comp.
   Laws 1915, § 15689.

4. SAME—DUTY OF PROSECUTOR TO PERFECT INCOMPLETE RETURN.

   If the return of the magistrate was incomplete, by the
   omission of one of the affidavits upon which determina-
   tion of probable cause to issue a search warrant was based,
   it was the duty of the prosecutor to request a further
   return, since it was upon the people to make a case against
   the defendant.

5. SAME—INTOXICATING LIQUOR—EVIDENCE PROCURED UNDER VOID
   SEARCH WARRANT INADMISSIBLE.

   In a prosecution for violation of the prohibition law, where
   one of the affidavits upon which a search warrant was

   On sufficiency of showing of probable cause in issuance of
search warrant, see notes in 3 A. L. R. 1517, and 13 A. L. R.
1318.

issued was not included in the return of the magistrate, and the other was merely a conclusion of affiant upon information and belief, there was nothing before the trial court to show that the magistrate was justified in finding probable cause, and the search warrant was therefore void, and the evidence procured thereunder was inadmissible.

Exceptions before judgment from Ingham; Collingwood (Charles B.), J.     Submitted October 13, 1922. (Docket No. 158.)     Decided December 5, 1922.

Stella Knopka was convicted of violating the liquor law.     Reversed, and defendant discharged.

*James Harris,* for appellant.

*Merlin Wiley,* Attorney General, and *J. A. Boice,* Prosecuting Attorney, for the people.

CLARK, J.     Defendant was convicted of a violation of the prohibition law.     The evidence against her was procured by a search warrant.     The case is here on exceptions before sentence.     The main contention is that probable cause for issuing the search warrant does not appear and was not shown as required by article 2, § 10, of the Constitution.     The search warrant issued by the magistrate states that probable cause to issue the warrant was determined upon an affidavit of Paul Kutter.     It refers to no other complaint or affidavit.     With the search warrant in the files of the cause at the examination was an affidavit of LeRoy Potter made before the magistrate upon information and belief, the matter therein stated as grounds of such belief being "an affidavit made by one Paul Kutter."     Defendant's motion to quash made at the examination was, in part, on the ground that there was no showing of probable cause to justify the issuance of the search warrant.

At the examination there was a colloquy between court and counsel:

"*The Court:* The man who made the complaint and search warrant—Paul Kutter—the trouble is I don't know anything about Paul Kutter when they don't attach his affidavit to the complaint that is already made.    The complaint comes in signed by LeRoy Potter.

"*Mr. Boice:* It is all part of the files, isn't it?

"*The Court:* No, it isn't part of the files.

"*Mr. Boice:* Upon what did you sign your search warrant?

"*The Court:* Upon the complaint of LeRoy Potter."

The prosecutor seems to have had the Kutter affidavit in his possession at the examination.    The magistrate, holding the accused for trial, returned to the circuit court the search warrant and the Potter affidavit.    The Kutter affidavit was not returned, nor is it set forth in the record.    The motion to quash in the circuit court on like grounds was denied.    Over defendant's objections, exceptions and against her motions and requests, the evidence obtained by the search warrant was admitted.    There was no order by the circuit court for a further return by the magistrate and no order was requested.    No effort was made to supply the omission respecting the Kutter affidavit.    The search warrant issued by the magistrate under his hand, stating his determination of probable cause upon the affidavit of Paul Kutter, may not be contradicted by the magistrate by his return, upon examination, to the circuit court.    The determination and finding of probable cause must stand, as against such contradiction, as stated in the warrant. See *Toliver* v. *Brownell,* 94 Mich. 577; *Weaver* v. *Lammon,* 62 Mich. 366; *Swantek* v. *Jarmoszki,* 162 Mich. 617.

The statute relating to search warrants under the prohibition law is section 25, Act No. 99, Pub. Acts

1921, and sections 26 and 27, Act No. 338, Pub. Acts 1917. See, also, section 29, Act No. 53, Pub. Acts 1919. We think the statute requires that the "sworn complaint or affidavit" for a search warrant shall be in writing. We think the legislative intent is plain, but on the theory of construction a comparison of such statute with chapter 267, 3 Comp. Laws 1915, relating to offenses not cognizable by a justice of the peace, and with chapter 269, 3 Comp. Laws 1915, relating to criminal proceedings before justices of the peace, should suffice. And such seems to be the practice. See Tiffany's Criminal Law (How. 4th Ed.), p. 356; Clark's Criminal Procedure, p. 68; *People* v. *De La Mater,* 213 Mich. 167; *People* v. *Mayhew,* 214 Mich. 153; *People* v. *Czckay,* 218 Mich. 660; and for definition of "affidavit" see 2 C. J. p. 317, and of "sworn complaint" see 8 Words and Phrases, p. 7812.

Where arrest of the accused follows the execution of the search warrant (section 26, Act No. 338, Pub. Acts 1917), and there is a return to the circuit court upon an examination, the search warrant with return thereof as provided by section 29, Act No. 53, Pub. Acts 1919, and the sworn complaint, affidavit or affidavits in writing upon which the determination of probable cause was made, should be certified and returned to the circuit court. 3 Comp. Laws 1915, § 15689.

The legislative purpose in requiring the complaint or affidavit for a search warrant to be in writing was to provide for review of the magistrate's determination of probable cause. This becomes apparent when it is noted that by chapter 267, 3 Comp. Laws 1915, relating to offenses not cognizable by a justice of the peace, the examination of witnesses preliminary to the issuance of a warrant in such cases need not be reduced to writing and that:

"Where the warrant issued in such case recites the

examination of the complaining witness on oath, but does not show to what he testified, it will be presumed that the evidence was sufficient to authorize the issuance of the warrant, although the written complaint purports to have been made on information and belief." *People* v. *Rush,* 113 Mich. 539 (quoting from syllabus).

See, also, *People* v. *Whipple,* 108 Mich. 587. And the following from *People* v. *Curran,* 191 Mich. 583:

"In this case it was held that where a complaint and warrant for an offense not cognizable by a justice of the peace are valid in form, the question whether the evidence taken before him justified his conclusion to issue the warrant, is not triable at the circuit. *People* v. *Rush,* 113 Mich. 539; *People* v. *Brott,* 163 Mich. 150."

But in cases cognizable by justices of the peace the statute, section 15770, 3 Comp. Laws 1915, requires that the complainant must be examined on oath, the complaint reduced to writing, and subscribed by the complainant. And it has been held that such complaint must show on its face that such an offense has been committed as the justice has authority to deal with. See *People* v. *Gregory,* 30 Mich. 371.

In this cause upon review there is no presumption that the search warrant was issued upon a showing of probable cause. A complaint or affidavit speaks for itself and it must show on its face ground for a finding of probable cause for issuance of the search warrant. So Kutter's affidavit not being returned and it appearing that it was upon such affidavit that probable cause was determined, there was nothing before the trial court to show that the magistrate had before him a complaint or affidavit, made on oath before him, setting forth such facts and circumstances as would justify a finding of probable cause.

The court might have ordered a further return forthwith (sec. 15689, 3 Comp. Laws 1915) as was done

in *People* v. *Musczynski, ante,* 536. The prosecutor did not request such order, nor was any attempt made to supply the lack. See *People* v. *Coffman,* 59 Mich. 1. It was upon the people to make a case against the defendant. If the magistrate had made his determination of probable cause upon Potter's affidavit and if it appeared that the Kutter affidavit, upon which the Potter affidavit was based as therein stated, had then also been made before the magistrate and if both such affidavits had been duly returned, the warrant might be treated as having issued upon both affidavits. See *People* v. *Musczynski, supra.*

But it is urged that consideration should be given the Potter affidavit, regardless of the statement of the magistrate in the warrant that he made his determination upon the Kutter affidavit, for the reason that it appears to have been made before the magistrate at the time. But such affidavit, if considered, would not help. It states merely a conclusion of the affiant, is made upon information and belief, and is wholly insufficient. See *People* v. *Effelberg, ante,* 528. It not appearing that the search warrant was issued upon the constitutional and statutory showing of probable cause, it must be held that the evidence procured by it was inadmissible and should have been suppressed and that, with such evidence out, defendant should have been discharged. See *People* v. *De La Mater, supra; People* v. *Mayhew, supra; People* v. *Halveksz,* 215 Mich. 136.

We need not consider other questions raised.

The conviction is set aside, and defendant discharged.

FELLOWS, C. J., and WIEST, McDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.